## Case No. 16,987.

### VOGLER v. SEMPLE.

[7 Biss. 382; 11 O. G. 923; 23 Int. Rev. Rec. 112; 2 Ben. & A. 556; 9 Chi. Leg. News, 217; Merw. Pat. Inv. 249; 4 Law & Eq. Rep. 68.] [1]

Circuit Court, N. D. Illinois. March. 1877.

PATENTS—RE-ISSUE—CLAIM AND SPECIFICATIONS—REMOVABLY HINGED TRUNK TRAY.

1. The general principle in all re-issues is, that there can be nothing given in the re-issue which was not in the original specifications or drawings, although some minor amendments have been at times allowed.

[Cited in Putnam v. Hutchinson, 12 Fed. 133.]

2. The claim must be for something so described in the specifications that any person of

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. Merw. Pat. Inv. 249, and 4 Law & Eq. Rep. 68, contain only partial reports.]

ordinary mechanical skill, or skill in the art covered by the patent, can, from the specifications, make a mechanism which will contain the claim.

3. The Plumer patent for a removably hinged trunk tray is an infringement upon the Vogler patent.

[Suit by Herman Vogler against Edward Semple for infringement of a patent.]

Munday & Evarts, for complainant.

N. C. Gridley, for defendant.

BLODGETT, District Judge. This is a bill in equity for an injunction, and an account of profits and damages for an alleged infringement of a patent granted by the United States to the complainant, January 11th, 1867, for an "improvement in trunks," being a re-issue of an original patent of the same substantial purport, dated October 6, 1874.

The answer denies the infringement, and also that complainant is the original and first inventor of the device set forth and claimed as new in his original and re-issued patent. Complainant's patent is for a removably hinged tray in the body of a trunk; the parts being so arranged and combined as to admit of the ready removal of the tray from the trunk, and yet so adjusted as to allow the tray to be turned up on its hinges, into or against the cover or top. This is accomplished by the peculiar form of the hinge—one leaf of which is permanently fastened to the tray, and the other so arranged as to be inserted in sockets, which are firmly fixed to the back wall of the trunk; the whole being so arranged as to admit of a ready removal of the hinged tray from the trunk, and so adjusted as to allow it an up and down play.

Three obvious advantages are obtained by this hinged removable tray: First, the ready removability of the tray from the trunk when desired; second, such a combination or arrangement as shall make the tray removable by a straight vertical lift, so as not to disarrange the contents; third, the free up and down play or movement of the tray, so that it will readily adjust itself to the pressure from the contents above or below—this latter is accomplished by giving such length to the loose or free leaf of the hinge as may be necessary to attain the result.

There is no evidence in the case that any one had ever so hinged a tray in the body of a trunk as to permit of its removal, or to give a tray the peculiar characteristics of complainant's device. In 1866, one Plumer obtained a patent for a tray removably hinged in the lid of a trunk. His original device, however, had none of the peculiar characteristics of complainant's tray. His claim was * * * "attaching the tray C to the upper portion of the trunk by means of slots and pins substantially as described." He does not describe a device capable of being applied to the body of a trunk, so as to produce a removably hinged tray like complainant's.

Between the issuing of the patent sued on and the commencement of this suit, one Ro-

madka (who is defendant's vendor, and, as it was stated on the trial and not denied, is defending this suit), obtained an assignment of the Plumer patent, and has had a re-issue. And in this re-issue, dated March 21, 1876, he is allowed two claims: 1st. "A trunk provided with a removably hinged compartment tray." 2d. "A trunk and, in combination therewith, a compartment tray removably hinged by means of socket bearings D, attached to the trunk, and pins attached to the compartment tray, substantially as herein described, and for the purpose set forth."

The hinge described in the re-issue is the same as in the original. And while the first claim allowed in the re-issue is for "a trunk provided with a removably hinged compartment tray," yet there is no description or specification by which we are taught how to place a removably hinged tray in the body of a trunk. The whole description refers to placing the tray in the lid, and nowhere else.

It is well understood by all patent lawyers that the claim must be for something described in the specifications, so that any person of ordinary mechanical skill, or skill in the art covered by the patent, can, from the specifications, make a mechanism which will contain the claim. Now here is nothing. in this Plumer re-issue. which tells how to put a removably hinged tray in any part of the trunk, except the lid. It does not describe how it could be adapted to the body, nor any provision for any other hinge than the pintle and socket hinge. The general principle involved in all re-issues is, that there can be nothing given in the re-issue which was not in the original specifications or drawings, although some minor amendments have been at times allowed in the original specifications or drawings, for the purpose of more accurate and specific description. That is to say: the re-issue cannot be made to cover anything which was not in the original invention. The only purpose of a re-issue is to enable one who has, by a mistake or inadvertence, not taken what he was entitled to in his original patent, to obtain it. The re-issue was only intended to cover omissions of the patent office or of the inventor, in not claiming that to which he was entitled as an inventor. It therefore seems very clear to me that the defendant takes nothing for the purposes of this case by his re-issue. Indeed, it is hard for me to understand how the broad claim number one could have been allowed under the specifications in the original or re-issued patent, it being manifest that Plumer only intended to describe and patent a device for hinging a tray in the top of the trunk, by his particular pintle and socket hinge. This being all the proof as to prior use, I have no difficulty in arriving at the conclusion that the defense, for want of novelty, is not made out.

As to the question of infringement, the proof shows that defendant has sold a trunk with a removably hinged tray in the body of the trunk. His tray responds in a degree to all the peculiar

qualities of complainant's tray; that is, it is removably hinged, so as to admit of being taken out by a straight vertical lift; and is adjustable, in a degree, to the contents of the trunk above or below. He does not use the specific form of hinge described by complainant, but complainant does not confine himself to any particular form, reserving the right to adopt any hinge which will give the substantial results claimed for his device.

The question is: does complainant's patent protect him in the exclusive right to hinge a tray in the body of a trunk so as to secure the results obtained by his device; or is he limited to the special mechanical devices by which those results are obtained?

I am of opinion that, as there is no evidence that any one ever made a removably hinged tray in the body of a trunk. complainant is entitled to the broad claim allowed him in his patent, for: 1st. "In a trunk, and in combination therewith, a tray, removably hinged in the body of the said trunk, substantially as and for the purposes set forth." 2d. "In a trunk, a compartment tray, provided with the strap hinges in combination with sockets attached to the back and inside of the trunk body, substantially as described for the purpose of removably hinging the tray." That is to say: any device which secures substantially the same results as complainant's. by the same or equivalent mechanism, is an infringement on complainant's patent. The defendant does not use Vogler's strap hinge and socket, but in place of it he uses a hook and socket, or roller and socket—not the pintle and socket of Plumer, but a hook attached to the back wall of the trunk, and a roller fastened to the back and upper edge of the tray, so as to engage with and rest upon the hook; the two when in juxtaposition making a hinge which performs the substantial functions of complainant's hinge, except that for lack of the elongated strap it is more readily disengaged; but when the parts are together, it operates in all essential particulars as the equivalent of complainant's strap hinge. I am, therefore, of opinion that defendant's tray is, in all its material features as a removably hinged tray, an infringement of complainant's patent.

The defendant's hinge is, as above stated, a roller hook, or bar. projecting from the back of the tray, and lying parallel therewith, and a socket-like lip or catch fastened to the back wall of the trunk. The bar drops upon the lip to make the hinge. It will be readily understood, that upon lifting the tray, the parts of this hinge are separated at once; while in Vogler's strap hinge, the parts remain engaged until the strap is lifted entirely out of the socket. It is in effect the same as the Vogler, if you should cut off the Vogler strap very short. So that I can have no doubt that the defendant's method of hinging the tray is a method substantially equivalent to the Vogler method. And while Vogler may not be in a position to invoke the broadest doctrine of equivalents, yet he is in a position to invoke the doctrine to this extent, at least. that he is entitled to the method

of hinging the tray in the body of a trunk by his mechanism, or any mechanism operating substantially like his, and which produces the same results.

The doctrine of equivalents in this respect has been elucidated very fully and clearly by the supreme court in [Fuller v. Yentzer] recently decided [94 U. S. 288, 299], and which went up from his honor Judge Drummond. The extent to which a patentee is entitled to invoke the doctrine of equivalents, is there very ably and clearly discussed; and I think I am entirely within the rule in that case, when I say that I have no doubt but that the defendant in this case has infringed upon the Vogler patent by the adoption of the hinge which is now before me.

There will be a decree for the complainant, with a reference to the master to take proof and report as to damages.

The opinion of Judge Drummond in the Tuck Creaser Cases will be found in Fuller v. Yentzer [Case No. 5,151.]