PUTNAM *v.* HUTCHINSON.

(*Circuit Court, N. D. Illinois.* April 17, 1882.)

1. SUBSTITUTES OR EQUIVALENTS—INFRINGEMENT.

Where defendant's device is but the substitute or equivalent for all practical purposes of the device shown in complainant's drawings, it is a mere colorable evasion of complainant's device, as complainant may change the form of construction from that shown in his patent, and substitute a well-known equivalent.

2. INTERFERENCE—VOID PATENT.

Patent No. 225,476, being for an improvement in bottle-stoppers is void, by reason of its interference with reissued patent No. 9,002.

*J. P. Altgeld, B. F. Thurston,* and *A. von Briesen,* for complainant. *West & Bond,* for defendant.

BLODGETT, D. J. This is a bill filed by complainant as owner of reissued patent No. 9,002, and asking to have a patent issued to

Charles G. Hutchinson, defendant, on the sixteenth day of March, 1880, and numbered 225,476, set aside and declared void, on the ground that defendant's patent interferes with the complainant's reissued patent, and is a cloud upon complainant's title; the proceeding being based on section 4918, Rev. St.

The defendant's answer denies the validity of the original and reissued patent held by complainant, and denies the interference of the two patents; and insists further that the reissued patent of complainant is void, because it contains new matter not described in the original patent.

The original patent, of which complainant's patent is a reissue, was issued to Joel B. Miller on the twenty-seventh day of October, 1874, for an improvement in "bottle-stoppers," and by his original patent Miller claimed as his invention "the internally-located bottle-stopper, B, provided with a hinged or jointed handle or bail, C, composed of two elastic legs or branches and an eye or finger loop, as and for the purpose set forth;" and in the reissue the *fourth* claim is in these words: "The internal bottle-stopper, provided with a hinged or jointed bail, C, which is composed of two elastic legs or branches, A, and of an eye or finger loop, substantially as herein shown and described."

The only question in this case is whether the patent of Hutchinson, No. 225,476, interferes with the *fourth* claim of the reissued patent of complainant, and whether the fourth claim of the reissued patent is valid. The distinctive characteristic of the complainant's original and reissued patent is the spring bail, C, which is hinged or jointed to the stopper, this spring bail passing from the stopper up through the neck of the bottle, and being so adjusted as to press against the neck of the bottle so as to hold the stopper in place either when the bottle is open or closed, or to prevent the stopper from falling into the bottle when the bottle is opened for the purpose of discharging its contents. This spring loop is made staple-shaped,—that is, of two legs or branches which bow outwards, so as to form springs which bear against the sides of the throat of the bottle; and the lower ends of this bail are clasped or bent around the loop or eye of the stopper in such manner as to form a joint or hinge, and allow the legs of the bail to spring or bend inwardly or outwardly as they are pressed down or drawn up for the purpose of closing or opening the bottle. A cursory examination of the drawings accompanying the original specifications of the Miller patent shows that it was intended that the pressure of the spring against the throat of the bottle

should aid in holding the stopper in place when the bottle was closed, as well as when the bottle was open. It will be seen from the drawings in the original patent that this bail is intended to bear or press outwardly against the sides of the throat of the bottle, so as to hold the stopper in place.

The defendant's patent describes quite at length the manner in which he constructs his bottle-stopper. His stopper is what is known as the "disk" or "valve stopper," in contradistinction to the plug shown in the device of Miller. This disk stopper is made by inserting a disk of rubber or other suitable elastic material between two smaller metal disks, so as to hold it firmly in place, and to the upper side of the upper disk is attached an eye or loop, precisely in its mode of construction and operation like the eye or loop attached to the stopper described and shown in the Miller patent. To this eye or loop is attached the bail or handle, F, which is, for all intents and practical purposes, the complainant's bail, C, except that the defendant has more minutely and specifically described the shape of his bail, showing that it has an enlargement or bulge below the top loop, which is accomplished by making an additional bend in the legs of the bail.

It is contended by the defendant that the complainant is confined in the construction of stoppers, under his patent, to a plug such as is shown in his original drawings; but it will be observed that neither in the original nor reissued patent of Miller is any stress laid upon the manner in which the stopper is to be constructed, and disk or valve stoppers are shown by the proof to have been old at the time Miller's patent was granted, and it is obvious that the defendant's disk is but the substitute and equivalent, for all practical purposes, of the plug shown in complainant's drawings. There can be no doubt, from the authorities, that the substitution by defendant of this well-known disk for the plug is a mere colorable evasion of the complainant's device. Indeed, I have no doubt that the complainant, in the construction and use of his device, had the right to use a disk as a stopper in his bottles instead of a plug; and the proof shows that before the defendant applied for his patent the plaintiff was manufacturing disk bottle-stoppers under his reissued patent, substantially the same as those described in the defendant's patent. The right of the complainant to change the form of construction from that shown in his patent, and substitute a well-known equivalent for it, is fully established in *Gould* v. *Rees*, 15 Wall. 187; *Vogler* v. *Semple*, 7 Biss.

382; *Webster* v. *Carpet Co.* 5 O. G. 522; *Storrs* v. *Howe,* 10 O. G. 421; *Corn-planter Cases,* 23 Wall. 181.

The authorities above cited show abundantly that complainant could maintain a suit for infringement against any one who makes disk bottle-stoppers combined with the other elements of his fourth claim. That is, under his patent on the combination of a stopper with a hinged bail, he covers any form of stopper then known which he chose to adopt.

As I have already said, the defendant's loop, F, is substantially the complainant's bail, C, although he describes in detail what he insists is a modification or improvement of its shape in the following terms. "The loop formed by the spring, F, is centrally contracted, so that it conforms to the contracted part of the neck of the bottle to a greater or less extent." The plain statement of this description is that defendant makes a bulge or enlargement in his bail below the finger loop, so that when the bottle is closed the bulge is drawn above the throat, and aids in keeping the stopper in place, and when the bottle is open the bulge is below the most contracted part of the neck, and keeps the stopper from falling back into the throat of the bottle as the contents are discharged. But it is noticeable that the bulge and contracted part of the bail so carefully described by defendant is substantially shown in the drawings accompanying the original and reissued Miller patent, although Miller does not describe them in his specifications, and the only perceptible difference between the shape of the bail, as shown in complainant's and defendant's patents, is that defendant's bulge or enlargement is a little lower down or nearer the joint, obviously to adapt it to the throat of a bottle somewhat different from that shown in complainant's drawings. But even if this bulge or enlargement shown in defendant's patent was not also shown in complainant's, I should deem it one of those modifications of construction which is allowable in the practical application of any patented device, and contains no element of invention. It is simply a practical application of the Miller bail to the different forms of bottle necks, so as, perhaps, to make it more convenient in use; but it is only such a mechanical change or improvement as would naturally suggest itself to a person using the device.

It is also urged that stoppers and bails under the Miller patent must be so constructed as to permit of the bail being turned down over the neck of the bottle. It is true that in a statement of the utility of his stopper Miller states in his specifications that the bail

can be turned away from the neck of the bottle so as to avoid displacement of the stopper, but I do not understand that he made that a necessary element in his bail, because, whether the top of the stopper can be drawn sufficiently near the mouth of the bottle to permit the bail to be turned away by the joint, depends wholly on the shape of the neck of the bottle. The bottle neck may be so shaped that the stopper cannot be drawn or forced near enough to its mouth to allow the bail to be turned away.

There can be no doubt, I think, that the Hutchinson patent is for essentially the same device which is described in the fourth claim of complainant's reissued patent; and, such being the fact, there can be no doubt that it interferes with the complainant's patent, and there is a complete failure of proof showing the invalidity of the fourth claim of complainant's patent. The proof certainly shows that Miller invented the hinged bail, C, and there is no proof that this had been anticipated in the older art. If this fourth claim of the reissued patent is valid, then the patent is so far *valid,* and the question of the validity or invalidity of the other claims is not material to the merits of this case.

I conclude, therefore, that complainant is entitled to a decree declaring Hutchinson's patent, No. 225,476, void by reason of its interference with complainant's reissued patent No. 9,002.

The statute authorizes the court, in a proceeding of this character, to declare either of the patents void, in whole or in part. I have already held, in the cases of the same complainant against this and other defendants, that the first three claims of this reissued patent are void by reason of their not being for the same invention described in the original Miller patent; and it is, perhaps, unnecessary that any decree should be entered in this case holding those claims void.