GOULD *v.* REES.

1. Where three elements are claimed in a patent, in combination, the use of two of the elements only does not infringe the patent.
2. The introduction of a newly-discovered element or ingredient, or one not theretofore known to be an equivalent, would not constitute an infringement.

ERROR to the Circuit Court for the Western District of Pennsylvania.

Rees sued Gould in an action at law for an alleged infringement of a patent for improvement in steam engines, dated January 24th, 1860.

The claims of the patent were as follows:

" Having thus described the nature, construction, and opera-

tion of my improvement, what I claim as my invention and desire to secure by letters-patent of the United States is:

"*First.* The flanges $i$ on the reversing crank or arm $b$, and the projection $t$ on the cam-rod $e$, when used for the purpose of guiding the hooks 1 and 2 into their proper position on the wrists 3 and 4 of the reversing crank or arm $b$, as herein described and set forth.

"*Second.* The use of the link $m$, or its equivalent, when used in connection with the cam-rods $f$ and $g$, reversing crank or arm $b$, and the crank or arm $l$, as herein described and for the purpose set forth.

"*Third.* The use of the connecting rods $o$ and $g$, or their equivalents, when used in combination with the link $m$, cam-rod $e$, and levers $p$ and $r$, as herein described and for the purpose set forth."

Numerous exceptions were taken by the defendant to certain rulings of the court, and also to certain instructions to the jury, but *this* court passed mainly upon the principle involved in the second and third specifications of error, which were in these words:

"2d. The court below erred in instructing the jury in reply to the fourth point of law presented by the counsel of the defendants below, which point was in the following words:

"'That when a combination of mechanical devices is claimed, it is not infringed by the use of a combination differing substantially in any of its parts, and that the omission of one essential feature or element of the combination as claimed avoids the patent.'

"The charge of the court below to said fourth point being as follows:

"'If the jury believe that the mechanical devices used by Rees, although differing in mechanical form or construction, are equivalent to those patented and used in the combination patented to produce the same result, it is an infringement of the patent. *And this, although there is an omission of one of the features of the combination.* It is the ordinary device resorted to by those who design to infringe, and who have been unsuccessful in their experiments to produce a desired result. The law secures to the patentee the right to the use of his machine, provided it consists of a new combination, although composed of parts well known and in common use.'"

"3d. The court erred in instructing the jury in reply to the

sixth point of law presented to him by the defendants' counsel, which point was in the following words:

" ' That the first claim of the plaintiff's patent, in the following words, to wit: " I claim the flanges *i*, on *the reversing crank or arm* b, *and the projection* t, *on the cam-rod* c, *when used for the purpose of guiding the hooks 1 and 2 into their proper position on the wrists* 3 *and* 4 *of the reversing crank or arm* b, *as described and set forth,*" is for a combination of the arm *b*, having flanges *i*, with the cam-rod *e* having a projection *t*, and is not infringed by the use of either of the elements of the combination without the other, nor by the use of the arm *b* if without the flanges *i*; or of the cam-rod *e* without the projection *t*.'

" The charge of the court to said sixth point being as follows:

" ' The use of the combination is an infringement, and *the omission of one of the elements* and the substitution of another mechanical device to perform the same function will not avoid the infringement. All the elements of the machine may be old, and the invention consists in a new combination of those elements whereby a new and useful result is obtained. Most of the modern inventions are of this latter kind, and many of them are of great utility and value.' "

Verdict having gone under these rulings for the plaintiff, the defendant brought the case here.

*Mr. G. H. Christy, for the plaintiff in error. No counsel appeared on the other side.*

Mr. Justice CLIFFORD delivered the opinion of the court.

Patentable inventions may consist entirely in a new combination of old ingredients whereby a new and useful result is obtained, and in such cases the description of the invention is sufficient if the ingredients are named, the mode of operation given, and the new and useful result is pointed out, so that those skilled in the art, and the public may know the nature and extent of the claim and what the parts are which co-operate to produce the described new and useful result.

Damages are claimed by the plaintiff for the alleged infringement of certain letters-patent, and he instituted for that purpose an action of trespass on the case against the defendant to recover compensation for the alleged injury.

Letters-patent were granted to the plaintiff on the twenty-fourth of January, 1860, for a new and useful improvement in steam engines, described in the specification as "a new and useful mode of operating and handling" such machines, which consists, as the patent states, in so arranging and constructing the cranks or arms of the lifters and cam-rods of puppet-valve engines that they may be operated and handled with ease and speed, by means of levers and connecting rods, the whole being arranged and constructed in the manner described in the specification.

. Very minute description of the various parts of the mechanism of the invention is given in the specification, and in order to enable others skilled in the art to make and use the invention, the patentee proceeds, with much detail, to describe its construction and operation, but in the view taken of the case by the court it will not be necessary to enter into those details in the present investigation of the controversy between these parties.

Process was issued, and being served, the defendant appeared and pleaded as follows: (1.) That he was not guilty. (2.) That the plaintiff was not the original and first inventor of the improvement described in the letters-patent, and tendered an issue to the country, which was joined by the plaintiff.

Besides the two pleas pleaded, he also gave notice in writing that he would give evidence under the general issue to prove that the alleged invention was well known and generally used in steamboats navigating the Western waters long anterior to the alleged date of the plaintiff's invention. Subsequently the parties went to trial, and the jury, under the instructions given by the court, returned their verdict for the plaintiff, and the defendant excepted to certain rulings and to the instructions of the court, and sued out a writ of error and removed the cause into this court.

Enough has already been remarked to show what the general nature, construction, and operation of the improvement is without entering more into the details of the description, as given in the specification, except to reproduce

the claims of the patent as made by the patentee. They are as follows: First. The flanges on the reversing crank or arm, and the projection on the cam-rod, when used for the purpose of guiding the hooks into their proper position on the wrists of the reversing crank or arm, as described and set forth in the descriptive portion of the specification. Second. The use of the link, or its equivalent, when used in connection with the cam-rods, reversing crank or arm, and the other crank or arm, as therein described and for the purpose therein set forth. Third. The use of the connecting rods, or their equivalents, when used in combination with the described link, cam-rod, and levers, as therein described and set forth.

Argument to show that each of the claims is for a combination of ingredients is unnecessary, as the statement of the respective claims is sufficient to establish the affirmative of the proposition; nor is it necessary to add anything to show that all of the ingredients of the respective claims are old, as the specification does not contain a word to justify the theory that the patentee ever pretended that he had invented anything except the several combinations described in the three claims of his letters-patent.

Exceptions were taken by the defendant to certain rulings of the court, as well as to several of the instructions given by the court to the jury, and all or nearly all of those rulings and instructions are assigned for error in this court, but in the view of the case taken by this court, it will not be necessary to examine more than one of the exceptions, which is the one calling in question the instruction defining the rights of a patentee where the invention consists solely in a combination of old ingredients, as the proposition of law given to the jury in that instruction is clearly erroneous, and of a character which entitles the defendant to a reversal of the judgment and to a new trial.

Evidence was introduced on both sides, and the defendant requested the presiding justice to instruct the jury that when a combination of mechanical devices is claimed, the patent is not infringed by the use of a combination differing sub-

stantially in any of its parts, and that the omission of one essential feature or element of the combination as claimed avoids the infringement, repeating that request in respect to each of the three claims of the patent, and the bill of exceptions shows that the presiding justice refused to give the instruction as to any one of the three claims, and that he instructed the jury in respect to the second* claim that the use of the combination is an infringement, and that the omission of one of the elements and the substitution of another mechanical device to perform the same function will not avoid the infringement, adding what undoubtedly is correct, that the elements of the machine may be old and the invention consist in a new combination of old elements whereby a new and useful result is obtained.

Just exception cannot be taken to the last paragraph of the instruction, but the preceding clause, which asserts that the omission of one of the elements and the substitution of another mechanical device to perform the same function will not avoid the infringement, cannot be sustained, as the principle as there stated, without any qualification, is not correct, and when given, as the instruction was, without any explanation, it was well calculated to mislead the jury.

Mere formal alterations of a combination in letters-patent do not constitute any defence to the charge of infringement, as the inventor of a combination is as much entitled to suppress every other combination of the same ingredients to produce the same result, not substantially different from what he has invented and caused to be patented, as the inventor of any other patented improvement. Such inventors may claim equivalents as well as any other class of inventors, and they have the same right to suppress every other subsequent improvement, not substantially different from what they have invented and secured by letters-patent, but they cannot suppress subsequent improvements which are substantially different from their inventions, whether the new improvement consists in a new combination of the same

---

* Qu. *First* claim.—REP.

ingredients or of some newly-discovered ingredient, or even of some old ingredient performing some new function, not known at the date of the letters-patent, as a proper substitute for the ingredient withdrawn.*

Unquestionably the withdrawal of one ingredient in a patented combination and the substitution of another which was well known at the date of the patent as a proper substitute for the one withdrawn, is a mere formal alteration of the combination; and if the ingredient substituted performs substantially the same function as the one withdrawn, it would be correct to instruct the jury that such a substitution of one ingredient for another would not avoid the charge of infringement.

Grant all that, and still it is clear that the concession will not support the charge of the court, as it is equally clear that if the combination constituting the invention claimed in the subsequent patent was new, or if the ingredient substituted for the one withdrawn was a newly discovered one, or even an old one performing some new function, and was not known at the date of the plaintiff's patent, as a proper substitute for the ingredient withdrawn, it would avoid the infringement, as a new combination or a newly-discovered ingredient substituted for the one omitted, or even an old one performing a new function not known at the date of the plaintiff's patent as a proper substitute for the one withdrawn, would not be an equivalent for the ingredient omitted within the meaning of the patent law; nor could it be successfully claimed as such by the plaintiff in order to support the charge of infringement. Such an alteration is not a mere formal alteration, as the difference between the two improvements is such that the new combination would be the proper subject of a patent and consequently would avoid the charge of infringement in a case like the one supposed by the court.

Unexplained, the theory assumed by the court warranted the jury in finding for the plaintiff, though the defendant in

---

* Seymour v. Osborne, 11 Wallace, 555.

constructing his machine omitted one of the ingredients of the plaintiff's combination and substituted another in its place to perform the same function, whether the ingredient substituted for the one omitted was or was not newly discovered, or was or was not well known at the date of the plaintiff's patent as a proper substitute for the one omitted from the combination constituting the plaintiff's invention.

*Bonâ fide* inventors of a combination are as much entitled to equivalents as the inventors of other patentable improvements; by which is meant that a patentee in such a case may substitute another ingredient for any one of the ingredients of his invention if the ingredient substituted performs the same function as the one omitted and was well known at the date of his patent as a proper substitute for the one omitted in the patented combination. Apply that rule, and it is clear that an alteration in a patented combination which merely substitutes another old ingredient for one of the ingredients in the patented combination is an infringement of the patent, if the substitute performs the same function and was well known at the date of the patent as a proper substitute for the omitted ingredient, but the rule is otherwise if the ingredient substituted was a new one, or performs a substantially different function, or was not known at the date of the plaintiff's patent as a proper substitute for the one omitted from his patented combination.

Where the defendant in constructing his machine omits entirely one of the ingredients of the plaintiff's combination without substituting any other, he does not infringe, and if he substitutes another in the place of the one omitted, which is new or which performs a substantially different function, or if it is old, but was not known at the date of the plaintiff's invention as a proper substitute for the omitted ingredient, then he does not infringe.*

Tested by these principles, as the instruction in question

---

* Carver *v.* Hyde, 16 Peters, 514; Vance *v.* Campbell, 1 Black, 427; Roberts *v.* Harnden, 2 Clifford, 504; Mabie *v.* Haskell, Ib. 511; Brooks *v.* Fiske, 15 Howard, 219; Stimpson *v.* Railroad, 10 Id. 329; Prouty *v.* Ruggles, 16 Peters, 341; Barrett *v.* Hall, 1 Mason, 477; Howe *v.* Abbott, 2 Story, 194.

must be, it is plainly erroneous, as it warranted the jury in finding for the plaintiff, whether the ingredient substituted for the one omitted was new or old, or whether the one substituted was or was not well known at the date of the plaintiff's patent as a proper substitute for the omitted ingredient.

JUDGMENT REVERSED AND A NEW VENIRE ORDERED.