Rowell and another *v.* Lindsay and another.

*(Circuit Court, E. D. Wisconsin.* ⸺, 1881.)

1. Combination Patent—Infringement.

A patent for a combination of known parts is not infringed by the use of any number of the parts less than the whole.

*Sharp* v. *Tifft,* 2 Fed. Rep. 697.

2. Same—New Parts—Infringement.

The use, in combination, of any of the new parts of a patented combination constitutes an infringement.

3. Same—Scope of Claim—New Parts.

Where the invention claimed only describes the combination, the separate constituent parts of such combination should be regarded as old, or common and public.

4. Same—Old Part—New Use.

The application of an old or well-known part or thing to a new use, in a patented combination, does not constitute such invention as would render its appropriation an infringement.

5. SAME—SEPARATE ELEMENTS—ENTIRETY.

A combination must be maintained as an entirety, and no one separate element can be regarded as the distinctive and essential feature of the invention.

6. SAME—SUBSTITUTION OF PARTS—NEW FUNCTIONS—NEW COMBINATIONS.

A combination is not infringed by the substitution of a new element, or of one that performs a substantially different function; or by the substitution of an old element, not known at the date of the patent as a proper substitute for the omitted ingredient; or by a new combination of the existing elements of the patented combination.

7. SAME—INFRINGEMENT—CASE IN JUDGMENT.

A patent for an improvement in cultivators claimed the combination of a slotted beam, shank, brace-bar, and bolt, when the parts were constructed and arranged to operate as and for the purposes specified. *Held,* that such patent was not infringed by a machine which contained such slotted beam, shank, and bolt, but did not include the brace-bar, or any mechanical equivalent for the same.—[ED.

In Equity.

*Jas. J. Dick* and *A. R. R. Butler,* for complainants.

*Wood & Boyd* and *J. P. C. Cottrill,* for defendants.

DYER, D. J.  This is a bill to restrain the infringement of a patent for an alleged new and useful improvement in cultivators.  The original patent was issued to complainants July 3, 1866.  A re-issue was granted March 31, 1868.  Various defences are interposed, among which is the defence that the defendants are selling cultivators made by Thomas, Ludlow & Rodgers, of Springfield, Ohio, which are covered by letters patent No. 152,706, granted to J. H. & J. W. Thomas, June 30, 1874, and they deny that they are infringing complainants' patent.  In the specifications of the patent, the invention is described as consisting of the application to the shank, B, of the tooth, of a curved brace-bar, C, the upper end of which passes through a slot or mortise in the beam, A, and is held in position by a clamping-bolt, D, which passes transversely through the slot or mortise near the brace-bar, so as to clamp it in any required position, and thereby adjust the tooth in any inclination, at the same time allowing it to yield to immovable obstacles without breaking.  It is further stated in the specifications that "it is evident that, in a device thus constructed and operating, the brace-bar, C, can be so clamped

that the tooth will retain its position when working in arable soil, but will yield when coming in contact with an immovable obstacle, and pass over it without breaking; the shank turning back upon its pivot, and the brace-bar being forced up through the slot."

The invention being thus described, what is claimed as new and desired to be secured by letters patent is the "combination of the slotted beam, A, shank, B, brace-bar, C, and bolt, D, when the parts are constructed and arranged to operate as and for the purposes herein specified."

The device patented to J. H. & J. W. Thomas, and which the defendants are selling, consists of a wooden bar or beam having a slit in the rear end to receive the shank of the shovel or tooth. The shank and the tooth consist of one piece of metal, the shank at its upper end being of curved form, and secured in the slit by a bolt or pivot. Another threaded bolt is passed through the beam or drag-bar, a little in the rear of the bolt to which the shank of the tooth is fastened, and in such place as to sustain the tooth or shovel when in proper position. It is stated in the specifications of the patent that the ends of the bifurcated bar or beam are drawn down by the threaded bolt which sustains the tooth or shovel when it is in position, or by the united action of both the bolts mentioned, "until clamped against the standard of the shovel with such force that the friction shall maintain the shovel in position while passing through mellow earth, but not so tight but that it will yield to an excessive resistance before force enough is applied to break the shovel." It is further stated that by making the shank in one piece its construction "is greatly cheapened as compared with that class where an arm has to be welded to the shank;" and the substance of the patentee's claim is, in combination with the drag-bar or beam, bifurcated at the rear end, the shovel standard, curved at its head and where it is adjusted to the drag-bar, and pivoted and clamped by the bolts before described.

The only question which it is necessary to consider is that of infringement. The complainants' patent is for a combi-

nation. It is a settled rule of law that where a patent is for a combination of known parts, it is not infringed by the use of any number of the parts less than the whole; for the patent in every such case is for that identical combination, and nothing else, and a combination of any less number of parts is a different thing. *Sharp* v. *Tifft*, 2 FED. REP. 697. This principle has been so often reiterated that it is elementary. *Prouty* v. *Ruggles*, 16 Pet. 336; *Lee* v. *Blandy*, 2 Fish. 89; *Latta* v. *Shawk*, 1 Fish. 465; *Gould* v. *Rees*, 15 Wall. 187. There is, however, another class of combinations, where some of the parts are new and others old, and where the new parts are claimed as inventions. If the combination is of this character, the appropriation of the part which is new is an infringement. *Latta* v. *Shawk, supra; Lee* v. *Blandy, supra; Sharp* v. *Tifft, supra*. The complainants claim that their patent falls within the latter class. They insist that the slotted wooden beam used for the purposes designated in their combination is a new invention in and of itself, and that as the defendants use such a beam they infringe. It may be, and in fact the testimony tends to establish, that a slotted wooden beam was not used before complainants' patent for holding cultivator teeth. But this is not enough to make it a new thing within the rule last above stated. As matter of fact, a beam containing a slot or mortise, such as that in the complainants' device, is old, and the most that can be rightfully claimed in that respect is that an old and well-known part or thing is applied to a new use as part of a patented combination. Furthermore, the complainants do not in their specifications or claim allege that they are the inventors of the slotted beam, nor of anything less than the entire combination. And it is conclusively settled that where a patentee claims as his invention only the combination which he describes, the separate parts which constitute the combination are to be regarded as old, or common and public.

In *Rich* v. *Close*, 4 Fish. 282, it was said, by Judge Woodruff, that "an inventor must be taken to know of what his invention consists, and his patent does not secure to him the exclusive right in anything more than he claims to have

invented. * * * Here the patentee has narrowed his claim by the use of terms which are express and clear: 'What I claim as my invention, and desire to secure by letters patent, is the combination of the wheel, constructed as hereinbefore described, with the spiral conductor, D, and tube, F, so as to get the full pressure of the water while the wheel is relieved of its weight, in the manner and for the purpose set forth.' He does not claim to have invented either of these parts separately, nor to have invented a useful combination of any two of the parts without the third. He may have invented each of them, but he has not obtained a patent for either of them. We are therefore left to the assumption that each was old, and that his specific combination alone was new."

In *The Corn-planter Patent,* 23 Wall. 224, it was held that "where a patentee, after describing a machine, claims as his invention a certain combination of elements, or a certain device or part of the machine, this is an implied declaration, as conclusive, so far as that patent is concerned, as if it were expressed, that the specific combination or thing claimed is the only part which the patentee regards as new. True, he or some other person may have a distinct patent for the portions not covered by this; but that will speak for itself. *So far as the patent in question is concerned, the remaining parts are old, or common and public.*"

These statements of the law, as thus expressed in the two cases cited, are exactly applicable to the case at bar. Here, as in *Rich* v. *Close,* the patentees have narrowed their claim by the use of clear and express terms: "What we claim as new, and desire to secure by letters patent, is the combination of the slotted beam, A, shank, B, brace-bar, C, and bolt, D, when the parts are constructed and arranged to operate as and for the purposes herein specified." Not having claimed to have invented either of the parts separately, and expressly claiming only a certain combination of parts as described, there is an implied declaration, as conclusive as if it were expressed, that the specific combination is the only part which the patentees regard as new, and that the several parts

of the combination are old. Upon the highest authority, it therefore conclusively appears, I think, that complainants are not in a position to claim that their slotted beam was of itself a new invention or discovery. And, as before stated, it is not enough to say that it was not before used for holding cultivator teeth; for it cannot be reasonably claimed that the mere application of an old thing to a new use in a combination is such invention of a new part as would bring the case within that class of combinations where the appropriation of a single part is an infringement. But it is contended that the slotted beam is the distinctive and essential feature of complainants' invention, and should be regarded as such in passing on the question of infringement. The court must, however, look at the entire specifications and claim of the patentees, in determining what their invention is. The combination is an entirety. Unless it is maintained as such the whole of the invention fails. If one of the elements is given up the thing claimed disappears. Where a patentee, suing for an infringement, declares upon a combination of elements which he asserts constitutes the novelty of his invention, he cannot abandon a part of such combination and maintain his claims to the rest. Much less can he prove any part of his combination immaterial or useless. *Vance* v. *Campbell*, 1 Black, 427. The different parts may perform more or less important functions, but each and all are essential to make the thing which the patentee has claimed as his invention.

It follows, from what has been stated, that the defendants do not infringe the complainants' patent by merely using the slotted beam. They do not infringe unless they have appropriated the entire combination. The patentees declare in their specifications what their invention is. They expressly say, *inter alia,* that it consists *"in applying to the shank of the tooth a curved brace-bar,* the upper end of which passes through a slot or mortise in the beam." The defendants use the slotted beam, the shank of the tooth, and the clamping bolt. But in their device there is no brace-bar welded to the shank, and passing up through the mortise in the beam.

Both parties use the pivot which attaches the shank to the beam; but this pivot is not claimed by the complainants as part of their invention. As, therefore, the construction of the defendants' device does not include the curved brace-bar, if the case were to stop here it would seem that the patentees' entire combination is not appropriated, and so that there is no infringement. But it is insisted that the difference between the two devices is one merely of form, and that in fact all the elements of the complainants' machine are present in that which the defendants are selling. There is no doubt of the right of a patentee to invoke the doctrine of equivalents on a question of infringment in the case of a combination patent. The law upon this subject is settled in *Conner* v. *Roach*, 4 Fish. 12; *Seymour* v. *Osborne*, 11 Wall. 516; and in *Gould* v. *Rees*, 15 Wall. 187. In the case of *Seymour* v. *Osborne* the court say that "mere formal alterations in a combination * * * are no defence to the charge of infringement, and the withdrawal of one ingredient from the same, and the substitution of another which was well known at the date of the patent as a proper substitute for the one withdrawn, is a mere formal alteration of the combination, if the ingredient substituted performs substantially the same function as the one withdrawn." But the court further say that to constitute infringement all the material ingredients of the prior combination must be appropriated, and that the inventors of a combination "cannot suppress subsequent improvements which are substantially different, whether the new improvements consist in a new combination of the same ingredients, or of the substitution of some newly-discovered ingredient, or of some old one performing some new function not known at the date of the letters patent as a proper substitute for the ingredient withdrawn." And in *Gould* v. *Rees* the court say: "*Bona fide* inventors of a combination are as much entitled to equivalents as the inventors of other patentable improvements. * * * Apply that rule and it is clear that an alteration in a patented combination which merely substitutes another old ingredient for one of the ingredients in the patented combination, is an infringement of

the patent if the substitute performs the same functions and was well known at the date of the patent as a proper substitute for the omitted ingredient; but the rule is otherwise if the ingredient substituted was a new one, or performs a substantially different function, or was not known at the date of the plaintiff's patent as a proper substitute for the one omitted from his patented combination. Where the defendant, in constructing his machine, omits entirely one of the ingredients of the plaintiff's combination without substituting any other, he does not infringe; and if he substitutes another in the place of the one omitted, which is new, or which performs a substantially different function, or if it is old, but was not known at the date of the plaintiff's patent as a proper substitute for the omitted ingredient, then he does not infringe." See, also, *Gill* v. *Wells*, 22 Wall. 1.

It follows, therefore, from these statements of the law, that if the defendants omit entirely one of the elements of the complainants' combination without substituting any other, or if they substitute another which is new, or which performs a substantially different function, or if it is one that is old, but was not known at the date of the complainants' patent as a proper substitute for the omitted ingredient, or if their machine consists in a new combination of the same ingredients, then the defendants do not infringe. A material ingredient of complainants' device is the curved brace-bar, welded to the shank of the tooth. This cannot be denied. If the defendants, omitting the brace-bar, have substituted an element in its place, that substitution consists not in supplying by physical addition another part, distinct from the rest of the device, in the place of that omitted, but in merely changing the form of the head of the shank where it rests in the mortise in the beam. In the complainants' device the curved brace-bar is welded to the rear of the shank about midway between the point where the shank is pivoted to the beam and the tooth, and passes into the mortise at the end of the beam, where it may be clamped. As before stated, the tooth and shank of defendants' device consist of a single piece of metal; the head of the shank, where it passes

into the mortise at the end of the beam, being curved, and resting on the clamping bolt at proper distance from the point where it is pivoted to the beam. Is the curved form of the head of the shank the equivalent of complainants' brace-bar, in the sense of the authorities cited? It was argued that the word "brace," as used in complainants' specifications, has reference to the functions of an arm, or an enlargement of the upper portion of the shank of the shovel, and that the curved head of the standard or shank in the defendants' device, lying within the mortise, operates as an arm, and secures the same leverage or frictional power as does the complainants' brace-bar. Whether this feature of complainants' combination be called a brace or an arm, there can be no question of the function it is intended to perform. It is not only to be clamped in the slot in the beam so as to hold the tooth securely in working position, but it is evidently intended to strengthen the shank below the beam so as to prevent it from bending or breaking when in operation, which is one of the primary functions of a brace. The complainant John S. Rowell testifies that the brace thus welded to the shank between the tooth and the beam stiffens the shank, and allows the use of a lighter material for the shank than could otherwise be used. It operates as a support, which it would seem removes the terminal strain from a point immediately below the beam to a point midway or below the center of the shank. This function of the brace is not found in the construction of defendants' machine, for it is evident that, as it is constructed, the strain terminates on the shank at the point where the shank is clamped. So that while it may be said that frictional resistance or leverage between the pivoted point and the clamping bolt is obtained in both devices, it is observable that the complainants' brace performs a function that is omitted in the defendants' machine. It affords support to the shank, strength to the structure, and the suitable term, "brace-bar," is used in complainants' specifications as expressive of power of resistance. And it is, therefore, not difficult to understand, as some of the witnesses have testified, why the complainants' device is recognized by the public as the

"brace-tooth," and as capable of greater resistance, and less liable to bend or break than the defendants' machine.

Then, I think, there is force in the claim that the curved part of the shank lying within the beam in defendants' device performs a function not found in complainants' combination. The curved head rests on the clamping bolt, so that thereby all the teeth may be adjusted to a line. The function of alignment is thus secured, and, by this arrangement of the parts, the bolt on which the head of the shank rests becomes not only a clamping device but an aligning bolt. Furthermore, it is quite apparent, from an examination of the models, that in the operation of the defendants' machine, when, for example, the team is backed, the pressure does not move the teeth out of position, because the clamping bolt on which the curved head of the shank rests operates as a stop and prevents any forward movement of the teeth; whereas, in complainants' device, it is evident that if the brace is not set so tightly in the mortise that it cannot escape, it might, in backing, be drawn entirely out, and the teeth would be pressed forward, with nothing to operate as a stop except the pivot which fastens the shank to the beam, and with a liability that as the machine should be started forward its movement might be such as to cause the brace to catch on the beam, or to prevent it from passing directly back within the slot or mortise.

From what has been said, and without further elaboration, it would appear that the claim made by defendants is not without reason to support it, namely, that in their device they omit the brace-bar and do not substitute for it an element which wholly performs the same function; that, therefore, their substituted element, if there is one, is not an equivalent, because, "by an equivalent in such a case it is meant that the ingredient substituted for the one withdrawn performs the same function as the other." *Gills* v. *Wells, supra.* Further, that in the construction of their device a new element is introduced which performs a function substantially different from that which the complainants' device was designed to perform, (see *Babcock* v. *Judd,* 1 FED. REP. 408;) and, in short, that the defendants' combination is a new arrangement

of parts so different from the complainants' as not to be the equivalent, within the principles applicable to combination patents.

There is considerable similarity, at least in the application of principles, between this case and the case of *Prouty* v. *Ruggles*, *supra*. Adopting the language of the court in that case, it may be well said here: "None of the parts referred to are new, and none are claimed as new; nor is any portion of the combination less than the whole claimed as new, or stated to produce any given result. The end in view is proposed to be accomplished by the union of all arranged and combined together, in the manner described, And this combination, composed of all the parts mentioned in the specifications, and arranged with reference to each other   *   *   * in the manner therein described, is stated to be the improvement and is the thing patented. The use of any two of these parts only, or of two combined with a third which is substantially different in form or in the manner of its arrangement and connection with the others, is therefore not the thing patented. It is not the same combination if it substantially differs from it in any of its parts."

Certain models were prepared and submitted by one of the expert witnesses, as illustrating the supposed identity of the two devices in question, but I do not think they demonstrate such identity. The structural arrangement of the parts in the two machines is substantially different. The brace-bar is a distinct member of the complainants' combination. They have claimed it in their specifications to be an essential part of their invention. It is the construction of the several parts, not separately, but in combination, which they claim to be new, and their improvement consists in arranging different parts of the cultivator, and combining them together in the manner stated in the specifications, for the purpose of producing a certain effect. *Prouty* v. *Ruggles*, *supra*. Applying to the case what I conceive to be correct legal principles, my conclusion is that the defendants do not infringe the complainants' patent.

Let the bill be dismissed.