# Travers *v.* Palmer.

(*Circuit Court, S. D. New York.* April 3, 1885.)

PATENTS FOR INVENTIONS—HAMMOCKS—INFRINGEMENT.

Letters patent No. 217,964, issued to James P. Travers, July 29, 1879, for an improvement in hammocks, *held* not infringed by the hammock manufactured under patents issued to Isaac E. Palmer, in January and February, 1883.

In Equity.

*Frost & Coe,* for complainant.

*Edwin H. Brown,* for defendant.

Coxe, J. This is an action to enjoin the alleged infringement of letters patent, No. 217,964, issued to the complainant July 29, 1879, for an improvement in hammocks. In the specification attached to the patent the inventor declares that the object of his invention is to form a new and improved hammock which shall be stronger, neater, and better adapted for its purpose than the hammocks now in use. He says:

"My hammock A is made or woven into an elastic open-worked fabric of cotton or other fiber, and is made of any length and width. It may be made plain or in colors. At the ends of the hammock A are secured eyelet-rings *a*, of metal or other suitable material. Through these rings *a* the suspensory continuous cord C passes and forms a grommet, D, for the purpose of securing the cord C to the rings B, of metal or other proper material. ＊ ＊ ＊ The hammock A is bound with any suitable material, thus giving said hammock a neat and tasteful appearance."

The claim is as follows:

"The hammock herein described, consisting of the rectangular flexible open-worked fabric A, having a continuous outer flexible binding, provided with strengthening end cords F, and a series of eyelets, *a*, in its ends, continuous cord C D, and rings B, as and for the purpose set forth."

The claim covers the following elements:

*First,* the rectangular, flexible, open-worked fabric; *second,* the continuous flexible binding; *third,* the strengthening end cords; *fourth,* the eyelets; *fifth,* the continuous clew-line; *sixth,* the suspending rings.

The defense is non-infringement. An examination of the defendant's hammock, which is manufactured under patents issued to him in January and February, 1883, discloses the fact that he uses but two of these elements, viz., the material and the rings. He does not use the binding, the strengthening cords, the eyelets, or the continuous clew-line. It is contended, however, that for these, equivalents are adopted. That there is no outer flexible binding on defendant's hammock is conceded. But it is said that the selvage, formed by weaving the edges of the fabric closer than the general body, is an equivalent for the binding. This argument would be plausible were it not for the fact that the hammock offered in evidence, as made in accordance with the complainant's patent, also shows a selvage edge, not so wide, but similar in every other respect. There is, then, no substitute what-

ever for the binding, which, it is quite evident, is used for ornament only. The strengthening end cord, which, in the drawing, appears to extend entirely around the sides and ends of the hammock-body, is not found in the defendant's hammock. The lines of double sewing can hardly be regarded as an equivalent, and especially so in view of the fact that the same sewing appears on the complainant's hammock. The cord is intended to add additional strength to the sewing. Although the defendant uses no eyelets, it may be doubtful whether his loops formed of many strings running out from the ends of the hammock-body are not fair equivalents. It is, however, unnecessary to decide this question. The defendant does not use the continuous cord extending back and forth from the hammock-body to the ring. His cords are separate from and independent of each other. Of the six elements of the complainant's hammock the defendant uses but two, and possibly an equivalent for a third. As three of them are wholly absent from his hammock it must be held that there is no infringement. *Williams* v. *Stolzenbach,* 30 O. G. 891; S. C. 23 FED. REP. 39; *Watermeter Co.* v. *Desper,* 101 U. S. 332; *Blake* v. *City and County of San Francisco,* 5 Sup. Ct. Rep. 692; *Voss* v. *Fisher,* 5 Sup. Ct. Rep. 511; *Rowell* v. *Lindsay,* 5 Sup. Ct. Rep. 507; *Prouty* v. *Ruggles,* 16 Pet. 336; *Gould* v. *Rees,* 15 Wall. 187; *Seymour* v. *Osborne,* 11 Wall. 516, 555; *Gill* v. *Wells,* 22 Wall. 1, 14.

The bill is dismissed.