TATUM et al. v. GREGORY et al.

(Circuit Court, N. D. California. January 20, 1890.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—GANG-EDGERS.
    Held on the evidence that claim 1 of patent No. 227,936 and claim 1 of patent No. 290,358 are infringed by defendants, and that claim 3 of patent No. 258,946 is not infringed.

2. SAME—STATE OF THE ART—EVIDENCE.
    Evidence of the existence of a single isolated machine many years prior to the date of the patent, which is not shown to have gone into use, is not competent or sufficient to show the state of the art.

3. SAME.
    Proof of the state of the art in patent cases must be clear and satisfactory and free from reasonable doubt, especially when it relates to a time many years anterior to the date of the patent and the witness relies solely on his memory.

4. SAME—MECHANICAL EQUIVALENTS.
    In construing patents the doctrine of mechanical equivalents is applicable to claims for combinations of old elements, and improvements on primary inventions, as well as to claims for primary inventions themselves.

5. SAME—COMBINATIONS.
    A claim for a combination of elements is infringed only by use of all its elements; and where the evidence of infringement is clear only as to the use of one of the elements of the combination by defendant, and is not clear or satisfactory as to the use of the other elements, it will be held that infringement is not proven.

(Syllabus by the Court.)

In Equity.

Suit on three letters patent for improvements in gang-edgers granted to J. A. Robb, and assigned to complainants, numbered respectively 227,936, 258,946, and 290,358, and dated respectively May 25, 1880, June 6, 1882, and December 18, 1883. In order to show the state of the art, a witness for respondents produced a sketch, marked "Exhibit 19," which he stated represented a machine seen by him at Bangor, Me., over 15 years before, in the shop of a manufacturer. Said sketch was made solely from memory. Only one machine was claimed to have been built like the sketch, and witness was not positive that it was ever in actual use; after building the one machine like the sketch, the builders changed the form of all future machines, and built them on a different plan, under the patent of one Richardson, a copy of which is in evidence, and shows a machine entirely different from the sketch.

*Langhorne & Miller,* for complainants.

*John L. Boone,* for respondents.

Before SAWYER, Circuit Judge.

SAWYER, J., (*orally.*) I have examined this case with great care. I am satisfied that claim 1, of patent No. 227,936 is infringed. I do not think there is any limitation, required by the state of the art as shown, to so limit the construction of the claim as to deprive the patentee of the benefit of his invention in that case. Claim No. 3 in patent 258,946, I do not think the proof shows to have been infringed. Defendants' device doubtless has one of the elements of the claim in it, but it is not satisfactorily shown that all the elements in that combination are used. I do not think the claim in that patent is shown to have been infringed in this case. In the case of patent No. 290,358 I had some difficulty, but upon a full examination I am satisfied that that claim is infringed also. There is no limitation of construction required by the state of the art as shown, to cut it off. Exhibit 19, which is most relied upon as affording grounds for limiting the scope of the patent, I do not think is shown in such form as to be in a position to entitle it to be considered as showing the state of the art. Besides, I am not satisfied that that exhibit is a plan of any machine that was before constructed. The proof is entirely unsatisfactory. It was drawn by a party from memory who claims to have seen 15 years ago the machine represented by it in one of the eastern states, and certainly, was not drawn after the patent of Richardson, the one under which the machine was constructed, if under any in evidence. I am not satisfied that the machine was constructed as the witness has drawn it. It is one of those cases where a man who remembers back a great many years thinks something he saw in New York or Wisconsin, or at some other distant point, is similar. I do not think it can cut any figure in construing the claim of the patent in question. I do not think that Sterns' patent, the other one more particularly relied on, affords any ground for limiting the construction of the patent in such manner as to avoid an infringement.

The case of *McCormick* v. *Talcott,* 20 How. 405, was relied on very

strongly as limiting this construction. The point covered there relates to the use of mechanical equivalents or substitutes. That case once troubled me a good deal. It was cited in the first patent case that I ever tried, when I was not very familiar with the subject. It was pressed on me, very earnestly, as holding that the doctrine of mechanical equivalents or substitutes had no application to improvements in patents, or patents for combinations of old elements, and only related to original inventions and new devices. The point was argued and pressed very earnestly. The loose language used in the opinion, perhaps well enough as related to the facts of that case, afforded some ground for such a contention. I myself could not see why the doctrine should not be applicable to combinations and improvements as well as to original patents and new devices. I rejected that theory. I was afterwards fully sustained in the view that I took, in the case of *Gould* v. *Rees*, 15 Wall. 192; *Seymour* v. *Osborne*, 11 Wall. 555, and *Gill* v. *Wells*, 22 Wall. 28, where the court stated in very decided terms that the doctrine of equivalents was as applicable to improvements and combinations of old elements, as to original inventions and new devices.

The contention of defendants in this case, however stated, really involves that doctrine, whether equivalents in the character of substitutes are available in patents for combinations and improvements. They clearly are, and it is so very distinctly stated in those cases. In that view, I do not think there is anything in the prior patents referred to which should cut out the claim, or limit it so as to exclude this improvement or avoid an infringement. I am of the opinion that that claim is also infringed. The result is that claim No. 1, in patent 227,936 is infringed, and claim No. 1, in patent 290,358 is infringed. In regard to the other I find in favor of the defendant, that is to say, no infringement is satisfactorily proved. Defendants may infringe hereafter, but as to this case an infringement is not satisfactorily proven.

*Mr. Miller.* That was the second patent set up containing the T slot.

*The Court.* Yes, the defendant's machine evidently has the T slot, but it does not appear that it has the other elements of the combination. The testimony is very brief and very loose. It undoubtedly had a T slot, but there are two or three other elements that it does not satisfactorily appear that the defendant's machine had.