## GERARD v. DIEBOLD SAFE & LOCK Co.

*(Circuit Court, E. D. Texas.   December 10, 1891.)*

PATENTS FOR INVENTIONS—LIMITATION OF CLAIM—BURGLAR-PROOF SAFES.
   Letters patent No. 246,748, issued September 6, 1881, to Alonzo Gerard, are entitled, "an improvement in burglar-proof safes," and the inventor repeatedly uses this description in the specifications, also stating that the object is to provide "a safe" with non-explosive seams, and that "any suitable locking device may be operated to throw a bolt on the inner face of the door * * * which will prevent the shaft and handle from being operated to unfasten the door." The claims are for "a combination of a safe" specified, with a particular locking device described. *Held,* that the patent was for a burglar-proof "safe" and not for a burglar-proof "safe lock," and hence was not infringed by the use of a similar device in the construction of jail cages.

In Equity.   Suit by Alonzo Gerard against the Diebold Safe & Lock Company for infringement of patent.   On demurrer to the bill.   Sustained.

*Fizet & Miller,* for complainant.
*H. F. Ring,* for defendant.

PARDEE, J.   The complainant's bill is for an injunction and an accounting in the matter of an alleged infringement of a patent.   The bill sets forth, in the usual form, that the complainant was the original and first inventor of a certain new and useful improvement in burglar-proof safe locks, letters patent United States No. 246,748, with the usual allegations as to prior knowledge and prior use.   The bill proceeds to charge—

"That the defendant, in violation of the exclusive right of complainant, without any license, at Canton, in the county of Starke, state of Ohio, has made or caused to be made, sold, and has used, in the construction of locks upon jail cages, at divers places, one or more locks embodying the invention and improvements described and claimed in said letters patent; that the said defendant has been notified of his said infringement, and requested to desist therefrom, but that he refuses to do so, and persists in the use of said infringing apparatus or locks in open disregard and defiance of complainant's exclusive rights under said letters patent."

To this bill the defendant has interposed a general demurrer.   The points made thereunder are that it appears from the bill, and the letters patent proffered in connection therewith, that complainant's invention is a combination, one of the essential elements of which is a safe, while the bill affirmatively shows that the defendant is using something not in combination with a safe,—a character of device of which a safe cannot be one of the parts; that the bill upon its face excludes the hypothesis of a safe forming one of the parts of the device used by the defendant, as alleged, in the construction of locks upon jail cages; and that it is also apparent upon the face of the bill that the stated object of complainant's invention, to-wit, "to provide a safe with non-explosive seams," is entirely foreign to the object of the device employed by the defendant, which is described in the bill as something used in the construction of locks upon jail cages.

An inspection of the letters patent No. 246,748, dated September 6, 1881, proffered with the bill, shows that the patent, as described generally by the patent-office, is for "an improvement in burglar-proof safes;" that the inventor, in his specifications, declares he has invented certain new and useful improvements "in burglar-proof safes;" that his invention relates "to burglar-proof safes," the object being to provide "a safe" with non-explosive seams; that the safe is constructed of the usual materials, in such a way that at its front, between the inner and outer walls, on all sides, is a series of projecting shoulders, or tongues and grooves, which correspond with similar projections and depressions on the inner face of the door, which fits flush within the outer projecting rim of the safe; and that, when the door of the safe is closed and secured, these interlocking projections and depressions form a close seam, into which it is impossible to introduce an explosive to a sufficient distance to have any injurious effect upon the joint,—and, after further describing the apparatus and its operation, says "that any suitable locking device may be operated to throw a bolt on the inner face of the door * * * which will prevent the shaft and handle from being operated to unfasten the door."

The claims are:

"(1) The combination with a safe having grooves, G, G, of a door provided with oblong rectangular plates, C, secured at the edges thereof, sliding plates, D, arranged under said fixed plates, and adapted to enter the grooves in the inside of the safe; a vertical main lever, E, attached to the upper sliding plate, and connected by pivoted levers, *e, e,* with lugs on the side and bottom sliding plates, and having link, *e,* and crank handle, F, whereby said sliding plates are actuated through their attached levers, substantially as specified.

"(2) The combination of the safe, A, having notched lugs, I, I, and casings, L, L, the door, B, provided with bearings, *g, g,* and sliding hinges, K, K, having slots, *k,* engaging with pins, *k',* in the casings, L, and the double-crank shaft, H, having eccentrics, *h, h,* and pins, *h', h',* engaging with the notched lugs, I, substantially as set forth."

From the specifications and the claims, it is difficult to separate from the alleged combination a burglar-proof safe. It is well-settled patent law that a combination is an entirety. If one of its elements is omitted, the thing claimed disappears. Every part claimed is conclusively presumed to be material. *Vance* v. *Campbell,* 1 Black, 430, reaffirmed in *Gould* v. *Rees,* 15 Wall. 194; *Gill* v. *Wells,* 22 Wall. 26; *Cammeyer* v. *Newton,* 94 U. S. 225; *Fuller* v. *Yentzer,* Id. 297; *Schumacher* v. *Cornell,* 96 U. S. 554,—and many other cases.

It is clear that the patent is not for a burglar-proof safe lock, nor for an improvement in burglar-proof safe locks, nor for a combination of elements constituting a burglar-proof lock; for, aside from the fact that the specifications and claims do not cover any locking device, the specifications declare that any suitable locking device may be operated to throw a bolt "which will prevent the shaft and handle from being operated to unfasten the door,"—that is, to lock the door; and, if the locking device be omitted, it puts an end to all claim that the apparatus is burglar proof. The most favorable view that can be taken of the complain-

ant's invention is that it is an improvement in the door of a burglar-proof safe, combining the elements claimed, all acting together so as to render the door, when closed, impervious to the admission of explosive substances. The objection to this construction is that it is not what the patentee claimed, nor what the patent-office allowed. See *McClain* v. *Ortmayer*, 141 U. S. 419, 12 Sup. Ct. Rep. 76, where it is said:

"While the patentee may have been unfortunate in the language he has chosen to express his actual invention, and may have been entitled to a broader claim, we are not at liberty, without running counter to the entire current of authority in this court, to construe such claims to include more than their language fairly imports. Nothing is better settled in the law of patents than that the patentee may claim the whole or only a part of his invention, and that, if he only describe and claim a part, he is presumed to have abandoned the residue to the public. The object of the patent law in requiring the patentee to 'particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery,' is not only to secure to him all to which he is entitled, but to apprise the public of what is still open to them. The claim is the measure of his right to relief; and, while the specification may be referred to to limit the claim, it can never be made available to expand it."

As the bill claims a patent for an improvement in burglar-proof safe locks, which is not supported by the letters patent proffered, and as the infringement charged is wholly incompatible with complainant's patent, as shown by his letters patent, the demurrer is well taken, and should be sustained; and it is so ordered.