Wheeler, D. J.
This suit is brought upon letters patent No. 50,938, issued to Thomas J. Kelly for an improvement in burners for gas stoves, dated November lé, 1865, and reissued to the plaintiff No. 6,833, dated January 4, 1876.
The defences set up and relied upon are that the re-issue is for an invention different from that described in the original; that, if not, Kelly was not the first inventor of all the material parts of the invention patented; and that the defendant does not infringe.
In burning illuminating gas for heat it is desirable to mix oxygen with it to obtain a better and more economical effect; and this is done in a handy way by drawing common air containing it into the burner with the gas, and combining them as they pass out to the flame. This was done long before Kelly’s invention by bringing the gas into a tube at the lower end open there for admitting air also, and having a diaphragm above, perforated like a sieve, through which both would pass *698 upward and become mixed and go to the flame. In some, of them the mixture burnt upon the diaphragm; in others there were caps over the upper ends of the tubes larger than the tubes, and forming a chamber above the diaphragm, in the sides of which were holes for the mixture to pass out through, and it was burned in jets as it escaped through the holes. The chamber was generally larger than the tube below, and made separate from it, and both were put together so as to hold the diaphragm in place. In all these the caps were held by the sides of the chamber through which the mixture must pass, and which could not be perforated to give an unbroken sheet of the mixture to the flame without weakening them too much for such support. Kelly appears to have invented a burner head consisting of two circular horizontal plates, one above the other, with flanges approaching each other around the edges, leaving a continuous aperture, and having a vertical diaphragm extending around between them a short distance inside of the flanges, forming an annular chamber between the diaphragm and flanges, all held together by a bolt and nut in the center of the plates, with an aperture leading from the feeding tube below through the lower plate, each side of a bar left across for the bolt, so as to pass the air and gas upward through the tube and lower plate into the space between the plates, thence laterally in all directions through the diaphragm into the chamber outside of it, and thence in an unbroken sheet horizontally through the aperture between the flanges to the flame, thus supplying a continuous flame all around the edge of the upper plate and effecting thorough- combustion of the gas.
In the specifications of his patent he described the whole of this arrangement; set forth the nature of his invention as consisting in forming a chamber in the burner between the perforated diaphragm and the external opening, and in the employment of a vertical diaphragm in combination with an annular opening around the same; and the claim was the combination of a vertically arranged diaphragm with the external annular opening, as therein shown. The specifications of the re-issue are not materially different from those of *699 the original, but the claim is very much enlarged. It is expanded into two. The first is the combination of the outlet, the perforated diaphragm, and the chambers intermediate between the diaphragm and outlet, substantially as described. The second is substantially the same as the claim of the original patent. Had there been no burners for gas stoves before, or none with a perforated diaphragm, chamber between that and the outlet, and outlet beyond, he would have been entitled to hold this whole arrangement free from invasion; but as there were burners having all these elements, arranged in the same order, although of different form and capacity, he was entitled only to his particular form of devices which were really different from those which had been in use or known before, and the combination of those devices with each other or with others, so as to produce a new result, or an old result in a new way. Railway Co. v. Sayles, 97 U. S. 554. He had a new form of diaphragm, a new form of chamber between it and the outlet, and a new form of outlet to the flame. He was entitled to these forms, and to his combination of them, but not to the forms of others, or to their combinations. Since this suit was brought he has filed a disclaimer to every burner described in the first claim except those constructed of the two plates, bolted together by the bolt, and holding a perforated diaphragm between them.
If the patent should be construed broadly enough to cover ■all forms of diaphragms, mixing chambers and outlets, separately or in combination, it could not be sustained at all without something to cut it down to the particular devices and arrangement of Kelly. The bolt is no part of the combination of either claim. It is used in the construction of this particular form of burner, and the reference to it in the disclaimer is merely discriptive of that form, without taking away or adding anything. So of the plates holding a perforated diaphragm between them. In this construction they hold a vertical diaphragm between them. If the patent will cover any other form of diaphragm held between them, the disclaimer does not disown the other form; if it does not, the •disclaimer will leave this particular form. So, in either case, *700 the disclaimer leaves the whole where it was before, and the re-issue is to be looked at as if no disclaimer had been filed.
As there is nothing described in the re-issue that was not described in the original patent, either as to devices or nature of the invention, it cannot be said that the invention in one is different from that in the other, although the claims attempting to cover the invention are so different. The re-issue is, therefore, as valid as the original would have been if it had been the same as the re-issue. Construed in the light of the things which existed before, it will cover the new form of devices invented by Kelly, and their arrangement, and those only: the two plates with flanges, the continuous aperture between the flanges,' the vertical diaphragm, and the annular chamber between the diaphragm and flanges. The patent seems to be good for these.
The defendant uses two plates bolted together as Kelly’s are; the lower one without any upturned flange, the upper one with projections downward around the edge for distance pieces, between which and the lower plate the diaphragm is held. This is not the combination of either claim of the plaintiff’s patent. The vertical diaphragm, and the annular chamber, are wanting. Still the defendant has appropriated a part of Kelly’s invention. He has taken the two circular plates held together by a bolt at the center, made projections on the upper in place of the flange, .with spaces, so as to permit an outward flow of gas that will unite into a continuous sheet of flame on the outside and against the edge of the upper plate, accomplishing the same result as Kelly. The changes in the form of the plates are circumstantial and not material — made necessary by the change in location of the diaphragm, and not on account of any new function or mode of operation given them.
Generally, where a patent is for a combination of known parts, materials or elements, it is not infringed by the use of any number of the parts, materials or elements, less than the whole; for the patent in every such case is for that identical cumbination and nothing else, and a combination of any less number of parts is a different thing. Prouty v. Ruggles, *701 16 Pet. 336. But where some of the parts of the combination are new, and those parts are taken and used in the same manner, but with different things from the rest of the combination patented, a part of the patented invention is taken although the whole is not, and it is an infringement to that extent. Sellers v. Dickinson, 6 Eng. Law & Eg. 544; Union Sugar Refinery v. Matthieson, 2 Fisher, 601. Here the horizontal plates bolted together in the center, with a diaphragm between them, were altogether new for this purpose. They formed a suitable chamber for the mixed gas and air, after they had passed the diaphragm, and an external outlet useful in form and location. The defendant has appropriated these new parts to the same use by connecting them with the horizontal diaphragm and other devices, to accomplish the same result as Kelly’s combination, although the other devices are different from Kelly’s. This is an infringement to that extent. Johnson v. Root; Curtis on Pat. § 332, note; Newton v. Grand Junc. R. W. 6 Eng. Law & Eg. 557.
It is- said that fastening horizontal plates together in the center by a bolt and nut, as these are, was old and well known before Kelly’s invention, which is doubtless true; but it was not a known method of forming a head for a burner to &• gas stove to make use of such plates. The object was not to fasten the plates together. It was to make a chamber for the inflammable mixture, after it had passed the diaphragm, and to provide a suitable outlet for it to the flame, so as to burn all around the top of the burner. These plates, fastened in that way, Kelly discovered, would furnish the reguired chamber, and an outlet for an unbroken sheet of the inflammable material,.which was most desirable for the purpose. He patented that discovery in all Ü» parts, and is entitled to the protection of it which the law affords.
As the plaintiff filed his disclaimer after suit brought, he would not ordinarily be entitled to any costs in the suit. Rev. St. U. S. § 4922. But in this case the disclaimer was not necessary to sustain the patent to the extent it is held valid, was inoperative, in the view taken of it, upon the patent, and has had no effect in maintaining the suit. Under *702 these circumstances it does not come,within the provisions of the statute denying costs, and no reason is apparent why costs should not be allowed as if nothing had been done about a disclaimer.
Let a decree be entered for an injunction and an account,, ecordingly, with costs.