### Milligan v. Lalance & Grosjean Manuf'g Co.

*(Circuit Court, S. D. New York. August 29, 1884.*

1. Patents for Inventions—Assignment—Rejection of Application—Amendment by Solicitor—Issue of Amended Patent—Validity—Recovery of Agreed Price.

M. made an improvement in metal vessels for culinary purposes, consisting of a shoulder around the inside of the upper edge to support the lid, and assigned it to L. to procure a patent; and the application, being rejected for want of novelty, was amended by the solicitor to include an inclosed wire at

the extreme edge, and a patent having such a shoulder strengthened at the edge by the wire was issued to L., who made and sold at a profit vessels having the shoulder without the wire and vessels having both the shoulder and wire, and marked and claimed them all as patented. M. claimed a royalty on all the vessels sold under his contract with L. *Held*, that if the shoulder without the wire had been new, so that the patent would have covered that as a part of the patented invention, L. could lawfully control the monopoly of the shoulder only; but that when the claim for that alone was rejected, and such rejection acquiesced in, it could not be claimed that the patent covered that alone; that while as to the public the patent would be void because M. did not invent the wire, and the act of the solicitor in inserting it was unauthorized, the relations of M. and L. were governed by their contract, and that M. was entitled to recover as claimed.

2. SAME—VERDICT—EVIDENCE.

Upon examination of the evidence the verdict in favor of plaintiff is sustained.

At Law.

*R. Robertson,* for plaintiff.

*Abram Wakeman,* for defendant.

WHEELER, J.  The plaintiff was in the employ of the defendant, and made what they supposed to be an invention of a new and patentable improvement in sheet-metal vessels for culinary purposes, consisting of a shoulder around the inside of the upper edge to support the lid. He assigned it to the defendant to procure a patent upon it and practice it. The defendant applied for a patent; the application was rejected for want of novelty; the solicitor amended it to include an inclosed wire at the extreme edge, and the patent No. 189,250, dated April 3, 1877, was granted for such a vessel, having such shoulder, strengthened at the extreme edge by such a wire. The defendant made and sold large quantities of the vessels, at a considerable profit, which had the shoulder without the wire, and some at some profit having the shoulder and wire, and marked them all as patented, with the day and year of this patent, and claimed to be operating under it, and this claim was respected. Upon the trial the plaintiff claimed that the assignment was made upon an agreement by the defendant to pay him a royalty on the goods manufactured and sold under the patent, to be afterwards ascertained; and the defendant claimed that it was assigned pursuant to the terms of his employment, and was not to be paid for except gratuitously; that the patent does not purport to cover the shoulder without the wire, and that it is void as to what it does purport to cover, on account of the change made by the solicitor, and otherwise, so that there was no basis for a royalty. The jury found for the plaintiff on this issue, and stated the proportion of profits to which they found the plaintiff entitled, under a stipulation of the parties. The defendant now claims that the verdict should be set aside because not warranted by the evidence, and because, with the finding in his favor, the plaintiff is not entitled to recover.

As to the finding, it seems to be sufficient now to say that the evidence rested almost wholly in parol; that there was enough on either

side to well warrant a finding that way, if there had been none on the other; that the determination of the question depended upon the credibility for truthfulness and accuracy of the witnesses, all of which was within the peculiar province of the jury, who, so far as appears, considered the question fairly, and decided it according to their best judgment. This was their duty, and, when so performed, the court has no disposition or authority to review their work. The other is the more important question. If the shoulder without the wire was new, so that the patent would cover that as a part of the patented invention, the defendant might lawfully control the monopoly of the shoulder only. *Sharp* v. *Tifft,* 18 Blatchf. 132; S. C. 2 FED. REP. 697. But when the claim for that alone was rejected, and the rejection acquiesced in, it could not afterwards be successfully claimed that the patent covered that alone.

The patent issued covered vessels having both the shoulder and wire, but as the inventor did not invent the wire, the act of the solicitor inserting it would seem to be unauthorized, and the patent, as to the public, void. *Eagleton Manuf'g Co.* v. *West, etc., Manuf'g Co.* 111 U. S. 490; S. C. 4 Sup. Ct. Rep. 593. The patent was invalid, apparently, but that does not settle the rights of these parties growing out of their contract. Both acted in respect to it as good. The real question now is whether the fact of the invalidity is a good answer to this action upon the contract. The relation of the parties in respect to the patent became similar to that of licensor and licensee. The defendant held the legal title to the patent, but held it to use and pay for the use. The price was not expressly agreed upon, but the law will imply a reasonable price, and the question is the same as if there had been an agreed price. Had the plaintiff retained the title to the patent, and the defendant taken a license for an agreed royalty, and then practiced the invention exactly as has been done, the fact of the invalidity of the patent would have been no defense to a suit for the royalty. *White* v. *Lee,* 14 FED. REP. 789; *McKay* v. *Jackman,* 17 FED. REP. 641. The defendant has had and enjoyed what was contracted for, and it is no answer to say that the same might have been had without the contract. The defendant could not both stand upon the patent and repudiate it, nor upon the plaintiff's title to the invention and repudiate that.

The motion for a new trial is overruled, and the stay vacated.