### SMITH et al. v. HAMILTON.

(Circuit Court, D. Vermont. October 12, 1895.)

PATENTS—INVENTION—TRUSSES.

Patent No. 455,771, to L. A. Smith and another, for a truss for hernia, *held* valid, in view of the simplified and improved construction, which results in giving greater freedom of motion to the limbs and body, without impairing the effectiveness of the instrument; and *held*, also, that the first claim was infringed by defendant's device.

This was a bill in equity by L. Anton Smith and another against Jamim H. Hamilton for alleged infringement of a patent.

J. Clement Smith, for plaintiffs.
Sherwin M. Flint, for defendant.

WHEELER, District Judge. This suit is brought upon patent No. 455,771, dated July 14, 1891, and granted to the plaintiffs, for a truss for hernia, having a body spring, for holding the pads, arched past the hips to about the same height at front and back, and held by a belt at the back, and resting in an open, oblique slot through a post fastened to the pad by a screw from the slot through that end of the post into the pad, which is adjusted to, and held in

place by a set screw through the other end of the post into the slot, and there pressing upon the spring. The claims are for:

"(1) A truss, substantially as described, consisting, essentially, of the body spring, having its ends curved rearwardly in an arched manner, and brought down to an altitude approximating that of the pad-receiving portion; the pad; the post having the oblique slot, the screw-tapped hole above the slot, and the screw hole beneath the slot; the screw for securing the post to the pad; and the screw for securing the pad to the spring,—substantially as specified. (2) The pad, in combination with the post having the oblique slot, the screw-tapped hole above the slot, and the screw hole beneath the slot; the screw for securing the post to the pad; and the screw for securing the pad to the spring; and the spring,—all substantially as specified."

The answer sets up patents Nos. 202,842, dated April 23, 1878, and granted to Leon T. J. Lubin; 347,171, dated August 10, 1886, and granted to Alberto Giralt; 364,482, dated June 7, 1887, and granted to Charles Cluthe; and 439,141, dated October 28, 1890,—as anticipations, and admits using and selling a few trusses like one shown by an exhibit, which is like that of the patent, except that the pad is adjusted to, and held in place by, a bar, with a tightening screw on that end of the post, pressing upon the spring, instead of by the set screw, but denies that this is an infringement. No evidence as to the anticipations has been produced, but the patents, which are to be considered as they appear. No. 202,842 shows a truss made of two or more bands, separated, in a flexible casing, and a screw-threaded stud connected by intermediate devices to a pad at one end, and having a slot across the other for receiving, and adjustment to place upon, the bands, and to be held there by a nut turning upon the screw, and binding upon the bands in the slot. No. 347,171 shows a truss band with a pad adjustable to, and retainable in place upon it by, a split ball clamping the band, and a clip clamping the ball, tightened by a screw. No. 364,482 shows a truss with a body spring curved over the hips, with back pads at an angle of about 45 degrees above front spring pads, adjusted and held to place by a screw between bends in the body spring. No. 439,141 shows a truss having a straight belt with a bend in front, upon which spring pads are adjusted to, and held in place by, a stud with a kerf across the end, into which the bend is held by a binding nut. The first and last of these have pads adjustable to, and retainable in place by, a stud, through the end of which the band passes, and is bound by a nut on the end of the stud, to either of which the fastening of the defendant's post to the spring is as much like as it is to that of the patent. The third has a body spring curved over the hips, partly like that of the patent. But neither of all shows a body spring curved over the hips down to near a level with the front, nor the simple fastening of the post, by the screw through it, to the pad, claimed in the patent, and used in the trusses of the defendant. Simplicity, compactness, and adaptation to movements of the person, are very essential in these instruments; and whoever dispenses with any of the devices, although they are small, brings them closer together, or shapes them to greater freedom of motion, although but little, without impairing their effect upon the rupture, increases their usefulness accordingly. Dispensing with all but the screw (in the

post, and out of the way), in connecting the pad firmly to the post, shaping the body spring over the hips, giving free motion to limbs, and bringing it to the same level at the back and in front, permitting unhampered movements of the body above, seem, in this view, to be—although the parts are, by themselves, old—new and useful inventions, in the sense of the patent law; and the patent seems to be valid for a truss improved by these improvements. Bonsack Mach. Co. v. Elliott (C. C. A.; Second Circuit, June 28, 1895) 69 Fed. 335.

The patent can be valid only for what the inventors actually invented; and as this invention is not of a truss as wholly new, but only of a truss as improved, it can cover only the specific improvements, and these only as claimed. One claim is for a truss consisting essentially of parts named, including the screw-tapped hole above the slot, and the screw for securing the pad to the spring,—obviously meaning for securing the post to the spring. The other is for the combination of the same parts. Experts testify for the plaintiff that there is no patentable or substantial difference between the truss of the patent and that of the defendant. No such witnesses, or others, have testified to the contrary, or otherwise, for the defendant. The combination is not taken, for that is an entirety, and less parts are a different combination. But parts of the patented invention of the first claim are taken, by using the curved body spring, and the screw through the post into the pad, which are new, as the patent covers using them. To the extent that the defendant has taken and used the plaintiffs' patented invention, he has infringed upon their exclusive rights. Sharp v. Tifft, 2 Fed. 697, 18 Blatchf. 132; Rowell v. Lindsay, 6 Fed. 290. Decree for plaintiffs.