ROESSING–ERNST CO. et al. v. COAL & COKE BY–PRODUCTS CO.

(Circuit Court of Appeals, Third Circuit. November 28, 1913.)

No. 1,787.

PATENTS (§ 129*)—ASSIGNMENT—EFFECT AS ESTOPPEL.

The rule that an assignor of a patent is estopped from denying its validity applies to a corporation afterward organized, and of which he became president, when charged with infringement, but does not apply to a manufacturer, which on the order of such corporation built the alleged infringing machine, except as to that particular machine.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 182½–186; Dec. Dig. § 129.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Western District of Pennsylvania; James S. Young, Judge.

Suit in equity by the Coal & Coke By-Products Company against the Roessing-Ernst Company, Alfred Ernst, and the Best Manufacturing Company. From an order granting a preliminary injunction, defendants appeal. Modified.

C. M. Clarke, of Pittsburgh, Pa. (Weil & Thorp, of Pittsburgh, Pa., of counsel), for appellants.

Robert D. Totten, of Pittsburgh, Pa. (James I. Kay, of Pittsburgh, Pa., of counsel), for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

GRAY, Circuit Judge. This appeal is taken from an order of the District Court of the United States for the Western District of Pennsylvania, granting a preliminary injunction enjoining the defendants-appellants from making, using and selling gas cleaners, or employing a process for cleaning gas, as described in letters patent No. 896,-365, and No. 900,062, respectively, and requiring the complainant-appellee to file a bond in the sum of $10,000, to indemnify the defendants-appellants against any loss by reason of the issue of such injunction.

The Coal & Coke By-Products Company is a corporation of West Virginia, having an office in the city of Pittsburgh, and is engaged in the business of contracting for and installing By-Products coke oven plants, together with apparatus and appliances used in connection therewith. The Roessing-Ernst Company is engaged in a like business, and Alfred Ernst, one of the defendants, is president of the company. The moving papers on the part of the complainant below allege that Alfred Ernst, one of the defendants, was an employé of the complainant company at the time of the issuance of the patents in suit; that the device and process described in the patents, respectively, were his invention and that he assigned his rights in the patents to be issued, for a consideration, to the complainant company. Thereafter, Mr. Ernst entered into an arrangement by which the Roessing-Ernst Company was formed, which company engaged itself in the same business of contracting for and installing By-Products coke oven plants. The bill charges that the Roessing-Ernst Company and Alfred Ernst, in prosecuting their said business, employed the Best Manufacturing Company to manufacture, on their account, certain of these By-Products plants, which it alleges infringed the patents in suit. As these patents are the patents assigned to the complainant company by Alfred Ernst, it is claimed that he and the company of which he was president, as well as the Best Manufacturing Company, were estopped from denying the validity of the patents so assigned. This is not denied by the defendants, so far as Alfred Ernst himself is concerned, but they controvert the existence of any estoppel as regards the Roessing-Ernst Company and the Best Manufacturing Company, and in their affidavits they deny infringement.

This question of infringement was the subject of a number of affi-

davits on both sides, and in the exercise of its discretion the court has issued the preliminary injunction in question, restraining all the defendants, until a further order of the court, from making, using and selling any gas cleaners or process for cleaning gas, as described in said letters patent. We think the principle already referred to, that the assignee of the patent is estopped from afterwards denying the validity of the patent assigned, applies on the facts of this case as well to the Roessing-Ernst Company, of which Alfred Ernst was president, as to Alfred Ernst himself, but it cannot apply to the Best Manufacturing Company, whose only connection with the case is shown to be that it was manufacturing, on the order and for the account of the Roessing-Ernst Company, a machine that was alleged to infringe the patent in suit, except as to the manufacture of that particular machine.

After a careful examination of the affidavits filed, we see no reason for finding that the discretion of the court below was improperly exercised in granting the preliminary injunction against the Roessing-Ernst Company and Alfred Ernst, or as to enjoining the Best Manufacturing Company, so far as the manufacture of a machine for the Roessing-Ernst Company was concerned. We think, however, the injunction should be so modified as to confine the injunction against the latter company in this respect, as to what it does or may do in connection with the Roessing-Ernst Company.

We are the less inclined to disturb the preliminary injunction issued in this case, by reason of the fact that the date set for the final hearing in the case is so near at hand.

The judgment of the court below is therefore affirmed.