ROESSING–ERNST CO. et al. v. COAL & COKE BY–PRODUCTS CO.

(Circuit Court of Appeals, Third Circuit. February 3, 1915.)

No. 1885.

PATENTS ⬤══328—VALIDITY AND INFRINGEMENT—GAS-CLEANING PROCESS AND APPARATUS.

   The Ernst patents, No. 896,365, for a gas cleaner apparatus, and No. 900,062, for a process for cleaning gases, *held* valid as against defendants, who are estopped to deny their validity, and also infringed.

Appeal from the District Court of the United States for the Western District of Pennsylvania; James S. Young, Judge.

Suit in equity by the Coal & Coke By-Products Company against the Roessing-Ernst Company, Alfred Ernst, and the Best Manufacturing Company. Decree for complainant, and defendants appeal. Affirmed.

For opinion below, see 212 Fed. 434.

Charles M. Clarke, of Pittsburgh, Pa., for appellants.

Robert D. Totten, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. This is an appeal from the decree of the District Court of the United States for the Western District of Pennsylvania in an action for infringement of letters patent No. 896,-365, for a gas cleaner apparatus, dated August 18, 1908, and letters patent No. 900,062, for a process for cleaning gases, dated September 29, 1908, issued to Alfred Ernst.

The patentee assigned the patents in suit to the By-Products Company, and then organized and became president of the Roessing-Ernst Company, which engaged in the business of contracting for and installing by-product coke ovens in competition with the By-Products Company, in the progress of which the Roessing-Ernst Company contracted with the Best Manufacturing Company for the construction of an apparatus, supplying the requisite drawings and specifications therefor, which, like the apparatus subsequently manufactured, it is claimed, conformed to and embraced the essential features of the Ernst patents. These acts constitute the infringement charged. The District Court held the patents valid and infringed. 212 Fed. 434.

As the patents in suit were assigned to the complainant by Alfred Ernst, the patentee, it was not disputed that Ernst was estopped to deny the validity of the patents so assigned. The question whether the Roessing-Ernst Company was affected by the conduct of Ernst, its president, was submitted to this court on appeal from an order by the District Court granting a preliminary injunction (208 Fed. 990, 127 C. C. A. 394), and by this court it was decided that the same principle of estoppel applied under the facts of the case as well to the Roessing-Ernst Company as to Alfred Ernst, its president, and that it applied also to the Best Manufacturing Company, when defending an action charging infringement by the manufacture on the order of the Roessing-Ernst Company of the particular apparatus charged as an infringe-

ment, but not otherwise. There was thus presented the peculiar situation in which all three defendants were held to be estopped to deny the validity of the patents in an action charging the particular infringement mentioned, but one of the defendants, the Best Manufacturing Company, was left free in other suits to contest the validity of the patents when charged with infringement by building apparatus otherwise than upon an order from Ernst or from the Roessing-Ernst Company.

Although the court admitted evidence bearing upon the prior art "as anticipating or *limiting the scope of the patents in suit,*" and sustained the validity of the patents, and refused to restrict their claims to a scope which would permit the defendants to escape the charge of infringement, we assume that the District Court, having before it and appreciating the force of the decree of this court holding that each of the defendants was estopped to deny the validity of the patents, recognized that the defendants were not estopped to offer evidence of the prior art limiting the claims of the patents so as to avoid the charge of infringement. We therefore likewise assume that evidence of the prior art was offered and admitted not to avoid the patents, but to limit the scope thereof, and thereby to avoid the charge of infringement, and that after the court construed the patents in the light of the prior art, it found them infringed, and that the patents were held valid because of the legal incapacity of the defendants, under the ruling of this court in this particular case, to deny their validity. We therefore construe that the part of the decree of the District Court which holds the letters patent in suit to be valid is not an adjudication of the validity of the patents as in an action in which the defendants could raise that question, but is a finding of the validity of the patents as against the defendants, under the facts charged in this suit, thereby leaving the Best Manufacturing Company, under other circumstances, and all other persons not controlled by the principle of estoppel, free to raise the question of the validity of the patents in other actions.

With this understanding of the opinion, and this construction placed upon the decree of the District Court, we direct that it be affirmed, excepting that part which relates to claim 5 of letters patent No. 900,062. This claim was abandoned upon the argument on appeal.