## WEST et al. v. PREMIER REGISTER TABLE CO.

Circuit Court of Appeals, First Circuit.
July 30, 1928.

No. 2195.

1. Patents ⬤⟶243(1)—Elements of infringed patent may have been used in different patents, but "infringement" requires all elements of combination to have been united in combination for which prior patent has been issued.

Charge of "infringement" may not be averted by showing that some elements of infringed patent are used in one patent and other elements thereof in another, but it must be shown that all elements of combination are united in one combination, for which prior patent has been issued.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Infringement.]

2. Patents ⬤⟶62(3)—One setting up prior use in patent infringement suit has burden of establishing it beyond reasonable doubt.

One who sets up prior use in suit for infringement of patent has the burden of establishing it beyond all reasonable doubt.

3. Patents ⬤⟶328—1,343,600, for improvement in printer's table to determine alinement of proof sheets, held primary invention, entitled to liberal range of equivalents.

West patent, No. 1,343,600, for improvement in printer's table adapted to inspecting proof sheets to determine alinement thereof, held to cover a primary invention, and entitled to a liberal range of equivalents in determining its scope.

4. Patents ⬤⟶328—1,343,600, for improvement in printer's table to determine alinement of proof sheets, held valid and infringed.

West patent, No. 1,343,600, for improvement in printer's table adapted for inspecting proof sheets to determine alinement thereof, held valid and infringed.

5. Patents ⬤⟶167(1¼)—Patentee, showing one method in specifications for use of invention, is entitled to any method possible, if claims are broad enough.

Patentee, who has shown one method in his specifications for use of his invention, is not limited to that method, but is entitled to any method by which it can be utilized, if his claims are broad enough.

6. Patents ⬤⟶226—Patentable difference recognized in granting later patent does not negative infringement of prior patent.

Patentable difference, recognized by Patent Office in granting later patent, does not negative infringement found by court in determining scope of prior patent, as such difference may have been adjudged to be improvement on some particular feature of prior patent.

Appeal from the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Suit by the Premier Register Table Company against James West and others. From an interlocutory decree for plaintiff (21 F. (2d) 762), defendants appeal. Affirmed.

George K. Woodworth, of Boston, Mass., for appellants.

Frederick L. Emery and Edward H. Palmer, both of Boston, Mass. (Everett S. Emery and Emery, Booth, Janney & Varney, all of Boston, Mass., on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and LOWELL, District Judge.

JOHNSON, Circuit Judge. This is an appeal in a patent case from an interlocutory decree of the District Court of the United States for the District of Massachusetts. For the sake of convenience the parties will be designated as they were in the court below.

In the complainant's bill infringement was charged of letters patent No. 1,343,600, issued to the plaintiff as the assignee of Elbert L. West and the defendant James West upon their application, filed May 16, 1919, for an improvement in printers' tables adapted for inspecting proof sheets, to determine the alinement thereof. In the application the invention is thus described:

"The invention consists in a printer's table equipped with a transparent top, preferably of glass, with illuminating means, such as electric lamps, thereunder, the top of said table being equipped with sheet alining and clamping means, and also preferably with an alining bar or ruler that is mounted and connected for adjustment toward and away from the base of the table, with provision for holding the same always parallel with the table base."

It is stated that it is "adapted for inspecting proof sheets to determine the alinement thereof, such as large sheets, on which are arranged series of printed units, such as a number of pages of a book, which are to be printed simultaneously, and which it is required to arrange in precise alinement with

one another, so that, when cut and trimmed, the marginal edges of all the pages will be uniform."

On January 14, 1920, the above-named applicants assigned all their interest in the said invention to the Premier Register Table Company, a corporation organized under the laws of the commonwealth of Massachusetts, which was properly recorded in the United States Patent Office on May 19, 1920.

The alleged infringing patent, No. 1,601,-461, was issued on September 28, 1926, to the National Printers' Supply Company, a corporation organized under the laws of Massachusetts, upon the application of the defendant James West, filed June 10, 1925.

The National Printers' Supply Company was organized by the defendant West. He is its principal stockholder, and has acted as president and treasurer or assistant treasurer since its organization.

Under this patent a printer's table is being manufactured by the defendant Wade, upon the order of the National Printers' Supply Company.

The object of the tables described in both patents is the same, and they are strikingly similar in all their physical aspects, except that in the patent in suit the glass plate at the top of the table has a straight edge bar at its base, and a sheet which is placed upon it is secured by means of clamps at the base. The alleged infringing table is provided with stops at the base of the top, which are in exact alinement, and, instead of clamps, fingers are provided for holding the sheet.

In the patent in suit the transverse alining bar is held in exact parallelism with the alining edge of the base by means of wires annexed to each end of the bar and passing over pulleys at each corner of the top, crossing each other at the center, so that the movement of the bar at one end in any direction causes a like movement of the other end in the same direction, preserving the parallelism of the bar at all times with the alining edge of the base. This same object is accomplished in the alleged infringing patent by means of gears and racks at the sides of the top.

The patent was issued for a combination of what are conceded to be elements old in the prior patented art. These are a transparent top, means for projecting light upward therethrough, an alining edge at one side of the top, sheet-clamping means, and an alining bar mounted for movement transversely across the table, with means for preserving the alinement of the bar with the alining edge.

The patent was allowed on the ground that the combination was novel, useful, and patentable, not because any of the particular elements were new or patentable.

The Supreme Court, in Westinghouse Electric & Mfg. Co. v. Formica Insulation Co., 266 U. S. 342, 45 S. Ct. 117, 69 L. Ed. 316, held that an assignor of a patent right is estopped "to attack the utility, novelty, or validity of a patented invention, which he has assigned or granted, as against any one claiming the right under his assignment or grant." It also held that the assignor could introduce evidence of the prior art to show the scope of the patent, or in other 'words what was assigned, and quoted with approval the opinion of Justice Lurton, when Circuit Judge, in Noonan v. Chester Park Athletic Club Co. (C. C. A.) 99 F. 90, 91, in which he states the law thus:

"It seems to be well settled that the assignor of a patent is estopped from saying his patent is void for want of novelty or utility, or because anticipated by prior inventions. But this estoppel, for manifest reasons, does not prevent him from denying infringement. To determine such an issue, it is admissible to show the state of the art involved, that the court may see what the thing was which was assigned, and thus determine the primary or secondary character of the patent assigned, and the extent to which the doctrine of equivalents may be invoked against an infringer. The court will not assume against an assignor, and in favor of his assignee, anything more than that the invention presented a sufficient degree of utility and novelty to justify the issuance of the patent assigned, and will apply to the patent the same rule of construction, with this limitation, which would be applicable between the patentee and a stranger."

Chief Justice Taft, who wrote the opinion in Westinghouse Electric & Mfg. Co. v. Formica Insulation Co., supra, said also:

"Of course, the state of the art cannot be used to destroy the patent and defeat the grant, because the assignor is estopped to do this. But the state of the art may be used to construe and narrow the claims of the patent, conceding their validity. The distinction may be a nice one, but seems to be workable."

See, also, in this circuit, Ball & Socket Fastener Co. v. Ball Glove Fastening Co. (C. C. A.) 58 F. 818; Babcock v. Clarkson (C. C. A.) 63 F. 607; Martin & Hill Cash Carrier Co. v. Martin (C. C. A.) 67 F. 786, 787.

None of the patents introduced in evidence as showing the prior art contained a combination of all of the elements of the patent in suit. Those connected with the printer's art show the use of transparent tops and alining edges with means for clamping the sheet upon the top, and others connected with the art of drawing show the means employed for preserving the parallelism of the transverse bar, so as to insure the exact parallelism of lines, but no one patent discloses an invention which comprises all the elements in combination shown in the patent in suit.

[1] It is well settled that the charge of infringement may not be averted by showing that in one patent some of the elements of the patent alleged to be infringed are used, and in another others, but it must be made to appear that all of the elements of the combination alleged to be infringed are united in one combination for which a prior patent has been issued.

There was some evidence that the means of preserving the parallelism of the transverse bar was used prior to the issue of the patent in this case, but of this the District Court said:

"In the practical art, I find that there had been in use since 1915 a printer's register table, referred to in briefs as the Calkins table, which combined all but one of the elements of plaintiff's combination patent. There are differences in form and structure, but all the mechanical elements of plaintiff's patent except the means for clamping and holding the alined sheet were combined in the Calkins table, performing the same functions in the same way."

[2] It is a well-established rule in patent cases that one who sets up a prior use in a suit for infringement has the burden of proof upon him to establish it beyond all reasonable doubt. Cantrell et al. v. Wallick, 117 U. S. 689, 695, 696, 6 S. Ct. 970, 29 L. Ed. 1017. The evidence was conflicting in regard to just what elements were used in the printer's table which was alleged to have been in use. The one who built it was dead at the time of the trial, and while one of the defendants' witnesses, Calkins, testified that it always had a crossed wire arrangement for maintaining alinement of the transverse bar, Elbert L. West, one of the patentees of the patent in suit, testified that the table was equipped with noncrossing wire connections, two in number, which extended completely around the table and which necessitated the use of two pulleys upon each corner pivot of the table, whereas the crossed wire connections require but a single pulley at each of the four corners of the table, and the table itself when produced showed two double pulleys at the upper rear corners of the table.

In view of the conflicting testimony it cannot be said that it was shown beyond a reasonable doubt that the Calkins table, as it was called, was equipped with means of preserving the parallelism of the transverse bar which are used in the patent in suit.

[3] We think the District Court was in error in holding that the patent in suit does not cover a primary invention. Bearing in mind that the patent is for a combination, and that so far as the record discloses no printer's table had ever been invented in which all of the elements appearing in the patent in suit had been combined, and that it was the first to combine well-known elements into one unitary structure, which produced a novel and useful result, it is entitled to a liberal range of equivalents in determining its scope.

Under the doctrine of the court in Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 28 S. Ct. 748, 52 L. Ed. 1122, it is not a primary invention only that is entitled to invoke the doctrine of equivalents, but the court there decided that "the range of equivalents depends upon and varies with the degree of invention."

The question then is: Can the defendants escape infringement by using the means employed in the alleged infringing table for an alining edge, and for preserving the parallelism of the transverse bar, as it is only in these that it differs from the combination patent in suit?

[4] The District Court correctly held that the stops used at the bottom of the defendants' table were the equivalents of the continuous alining edge of the plaintiff's patent. They none the less constitute an alining edge because there are spaces between them. The claim of the plaintiff's patent does not allege that its alining edge is a continuous one. Although it is, it might be broken in several parts, and these parts separated by a considerable space, and yet these parts would constitute an alining edge. The fingers that were used in the defendants' patent to grasp the sheet were clearly a mechanical equivalent of the clamps in plaintiff's patent, and the court correctly so held.

The parallelism of the transverse bar in defendants' patent is obtained by the use of gears and a rack, the gears being fixed to each end of the bar, so that each end may be moved precisely the same distance in any given direction as the other. This is accomplished in the plaintiff's patent by means of the crossed wires and pulleys at each corner

of the top. The gears and rack perform the same function as the crossed wires, and are a mechanical equivalent.

[5] While the specifications of the patent in suit show the crossed wires as one means of preserving the parallelism of the transverse bar, the claims do not restrict the invention to their use alone. They allege that the bar is "equipped with means for preserving its parallelism with an alining edge of said table" in claim 4, and in claim 5 it is stated that the alining bar is equipped with "means for preserving parallelism of movement of said bar with respect to said alining edge of the table top," and, in claim 3, it is "mounted for movement transversely across the table toward and from said alining edge and equipped with means for preserving its parallelism therewith." It is well established that the patentee, who has shown one method in his specifications for use of his invention, is not limited to that method; but, if his claims are broad enough, he is entitled to any method by which it can be utilized.

Observing the rule laid down in Westinghouse Electric & Mfg. Co. v. Formica Insulation Co., supra, that the prior art may be shown to determine the scope of the patent as against an assignor but not to destroy the grant, it discloses nothing to limit or narrow the scope of the patent.

Combination patents have been held by the Supreme Court to be entitled to a broad range of equivalents. Imhaeuser v. Buerk, 101 U. S. 647, 25 L. Ed. 945; Winans v. Denmead, 15 How. 330, 14 L. Ed. 717; Gould v. Rees, 15 Wall. 194, 21 L. Ed. 39. See, also, Brammer v. Schroeder (C. C. A.) 106 F. 918. In the last case, Judge Sanborn said:

"If, however, one invents and secures a patent for a new combination of old mechanical elements which first performs a useful function, he is protected against all machines and combinations which perform the same function by equivalent mechanical devices to the same extent and in the same way as one who invents and patents a machine or composition of matter of like primary character."

[6] It is contended that by the granting of the later patent to the defendant a presumption is created that it does not infringe the prior patent, and Corning v. Burden, 15

How. 252, 14 L. Ed. 683, is cited in support of this contention. This case was exhaustively considered by the Circuit Court of Appeals for the Sixth Circuit in Herman v. Youngstown Car Mfg. Co., 191 F. 579, and the court said:

"Another reason sometimes advanced for supposing that the structure of the second does not infringe the claim of the first patent is that the Patent Office has declared that a patentable difference exists. The premise is sound, but not the conclusion. In examining the second application, the Patent Office has no concern with the scope of the claim of the first, and does not and must not pay any attention thereto. It is concerned only with the early disclosure by the specification and drawings. Patentable difference does not of itself tend to negative infringement."

This statement of the law is accepted in later decisions in that circuit, cited upon the plaintiff's brief, and we are in accord with it. The patentable difference recognized by the Patent Office may have been adjudged to be an improvement upon some particular feature of the prior patent, and does not negative infringement, which the court may find in determining the scope of the prior patent.

It is also contended that the decree of the District Court is too broad, and that, even if affirmed on the question of infringement, it should be modified, so as to be limited to such period as Wade and the National Printers' Supply Company are in privity with the defendant West. The decree of the District Court was entered upon evidence before it which disclosed the privity existing between these defendants and West, and was applicable thereto. See Roessing-Ernst Co. et al. v. Coal & Coke By-Products Co. (C. C. A.) 219 F. 898, 899.

The decree of the District Court is affirmed, with costs to the appellee in this court.

LOWELL, District Judge (concurring). I agree with the conclusion of the majority of the court. The assignor of a patent may not assert its invalidity. All that the patentees did was to adopt for use in a printer's table an alining bar, which was old in the analogous art of drawing boards. Bergner United States patent No. 195,915, October 9, 1877. This, in my opinion, did not involve invention.