**CHENEY CO. v. CITY OF MEDFORD et al.**
**SAME v. E. VAN NOORDEN CO.**
Nos. 3667, 3668.

District Court, D. Massachusetts.

Nov. 20, 1933.

No. 3667:

Louis A. Jones and Emery, Booth, Varney & Townsend, all of Boston, Mass., for plaintiff.

Joseph H. Sharrillo and Peters & Sharrillo, all of Boston, Mass., for defendant City of Medford.

George P. Dike, Cedric W. Porter, and Macleod, Calver, Copeland & Dike, all of Boston, Mass., for defendant American Employers' Ins. Co.

No. 3668:

Louis A. Jones and Emery, Booth, Varney & Townsend, all of Boston, Mass., for plaintiff.

George P. Dike, Cedric W. Porter, and Macleod, Calver, Copeland & Dike, all of Boston, Mass., for defendant.

McLELLAN, District Judge.

These are two suits for infringement brought by the plaintiff, the Cheney Company; the first against the City of Medford and American Employers' Insurance Company; and the second against E. Van Noorden Company. The alleged facts of infringement were the same in both cases and they were tried together.

It was stipulated between the parties, and I find, that the plaintiff is now and continuously has been since the date of issuance thereof, the sole owner of letters patent of the United States No. 1,715,000 for an interlocking metal flashing, granted May 28, 1929, to Allan Cheney, and No. 1,860,240 for a flashing, granted May 24, 1932, to Edmund H. Friedrich.

The plaintiff alleges the infringement by all the defendants of claim 2 of the Cheney patent, and of claims 2, 3, 5, and 6 of the Friedrich patent.

It was stipulated by the parties, and I find, that the defendant city of Medford, since the issuance of the two patents in suit, caused to be built for it by the defendant American Employers' Insurance Company a school building at Sharon and Holten streets, Medford, Mass., which building, as constructed, included walls having through-wall flashings in all respects identical with the flashing marked "Plaintiff's Exhibit 1—Sample of Van Noorden Commercial Through-Wall Flashing," except that the latter is shorter in length than the flashing installed in said building, each flashing as installed having a length greater than the width thereof.

It was also stipulated, and I find, that the defendant E. Van Noorden Company installed its flashings aforesaid in said walls in accordance with architects' specifications for said school requiring through-wall flashings as follows:

"All through-wall flashing and the flashing on top of projecting stone courses mentioned hereinafter shall be Cheney Interlocking Wall Flashing, or equal, of the proper type. All flashing shall be as indicated on the drawings and as detailed.

"The interlocking wall flashing is to be furnished by the roofing contractor and is to be set by the mason, under supervision of the former, with mortar placed below and on top of the 'through-the-wall-flashing' so as to insure a mechanical bond."

—and that by "Cheney Interlocking Wall Flashing," as mentioned in said specification, is meant interlocking through-wall flashing as manufactured and sold by the plaintiff.

On all the evidence I find that masonry materials such as brick, stone, cast stone, concrete, etc., are porous to a considerable degree, and, when they are subjected to the action of water from thawing snows, driving rains, etc., seepage occurs which often works its way out of the wall, either on the inside or the outside; that such seepage may and does damage interior walls and ceilings, if inside, or discolor the face of the building, if outside; that if the seepage does not work out of the masonry wall and becomes frozen, it may and often does crack the walls and dislodge the masonry, thus weakening the structure; that flashings are used in the mortar between the courses of masonry to provide a cut-off to stop seepage downwardly in the wall and quickly drain it; that many materials which have been used as flashings, such as asphalt composition, building paper, roofing paper, etc., are unsatisfactory because they tend to disintegrate when subjected to dampness; that sheet metal such as copper is the most efficacious material for flashings; and that when plain or crimped metal flashings are inserted through a wall in a layer of mortar, the mortar bond is weakened, because the mortar has less adhesive effect or bond with the metal, and in structures subjected to high wind pressures or other disturbing forces it is necessary to use means such as rods, dowels, or the like for locking or binding the masonry above and below the flashing.

The Cheney patent, No. 1,715,000 sets forth an interlocking metal flashing so constructed that, when it is interposed between two courses of masonry in conjunction with the usual layer of mortar, it will act as a waterproof cut-off and will form a mechanical bond in every direction between the flashing and the adjacent courses of masonry. The flashing is constructed of sheet metal and is folded to provide grooves and ridges alternately arranged upon both sides of the strip. The grooves and ridges have side walls common to both and inclined to both faces of the flashing material in a manner to form dovetail shaped grooves and ridges. These side walls taper longitudinally of said grooves and ridges toward an edge of the material.

Claim 2, relied upon by the plaintiff, reads as follows:

"A building construction comprising superposed courses of masonry, a layer of binding material for said courses, and a section

of sheet metal flashing embedded within said binding material, said section embodying therein a plurality of grooves and ridges each having sides inclined to the face of the material and also tapering longitudinally thereof in opposite directions on both sides thereof respectively, whereby the masonry is bonded together in all directions."

The defendants set up the following defenses against the alleged infringement of claim 2 of the Cheney patent set forth above: (1) That the Cheney patent is invalid for want of invention; and (2) that the flashing manufactured and sold by the defendant E. Van Noorden Company does not infringe the said patent.

1. Numerous prior art patents and publications were cited by the defendants against the Cheney patent in suit.

■ The granting of a patent raises the presumption that the patented device is new, useful, and involves invention, and casts upon the one who denies it the burden of proving lack of invention. J. A. Mohr & Son v. Alliance Securities Company (C. C. A.) 14 F. (2d) 799, 800; Smith v. Goodyear Dental Vulcanite Company, 93 U. S. 486, 23 L. Ed. 952; Diamond Rubber Company v. Consolidated Rubber Tire Company, 220 U. S. 428, 31 S. Ct. 444, 55 L. Ed. 527. This presumption has added force where the patents relied upon as negativing invention were considered by the Patent Office in the prosecution of the patent. J. A. Mohr & Son v. Alliance Securities Company, supra, 14 F. (2d) at page 800. Five of the patents cited against the Cheney patent, No. 1,715,000, were considered by the Patent Office during the prosecution of this patent. "While their [Patent Office officials'] judgment is not absolutely binding on a court, it is entitled to great weight and is to be overcome only by clear proof that they were mistaken and that the combination lacks patentable novelty." J. A. Mohr & Son v. Alliance Securities Company, supra. Neither in the five patents considered by the Patent Office, nor in any other of the patents or publications cited by the defendants as negativing invention in the Cheney patent is there disclosed a self-bonding interlocking flashing. The evidence shows, and I find, that Cheney was the first to accomplish this result.

The defendants argue that on the state of the prior art, what Cheney did was merely what any one skilled in the art could have done, and did not involve the use of inventive genius. I cannot adopt this view. There was a recognized want for this type of flashing, and in meeting this want by a new method of approach, Cheney made an invention. Slip Scarf Company v. Wm. Filene's Sons Company, 289 F. 641 (C. C. A. 1).

2. The defendants urge that the alleged infringing flashing is different in construction from that of the Cheney patent, and does not infringe it.

■ Cheney having invented the first interlocking or self-bonding through-wall flashing, his patent is a primary or pioneer patent; i. e., one which performs a function never performed in an earlier invention. West v. Premier Register Table Company, 27 F. (2d) 653, 655 (C. C. A. 1); Walker on Patents (6th Ed.) § 416. As a primary invention, this patent is entitled to a wide range of equivalents. "The range of equivalents depends upon the extent and nature of the invention. If the invention is broad or primary in its character, the range of equivalents will be correspondingly broad, under the liberal construction which the courts give to such inventions." Miller v. Eagle Manufacturing Company, 151 U. S. 186, at page 207, 14 S. Ct. 310, 318, 38 L. Ed. 121. See, also, Cimiotti Unhairing Company v. American Fur Refining Company, 198 U. S. 399, 25 S. Ct. 697, 49 L. Ed. 1100; Paper Bag Patent Case, 210 U. S. 406, 28 S. Ct. 748, 52 L. Ed. 1122.

■ The defendant's construction shows an interrupted rib which constitutes a plurality of dove-tail rib sections and complementary dove-tail grooves sections; each rib and groove section tapers at its ends toward transverse depressions, i. e., opposite ends taper in opposite directions and taper lengthwise of the rib; the ribs on one side and the grooves on the other side have opposite tapers. It is clear that the Van Noorden flashing embodies the substance of the Cheney patent construction, and, being an admitted equivalent (see stipulation), constitutes an infringement thereof.

"* * * One device is an infringement of another 'if it performs substantially the same function in substantially the same way to obtain the same result.'" Sanitary Refrigerator Company v. Winters, 280 U. S. 30, 50 S. Ct. 9, 13, 74 L. Ed. 147.

It follows that claim 2 of the patent to Cheney, No. 1,715,000, is valid and infringed by all defendants.

■ The Friedrich Patent No. 1,860,240 in suit discloses a water-tight metal flashing formed with a raised or upwardly extending dove-tail ridge located longitudinally of the upper surface of the wall, the flashing to be

embedded in a layer of mortar to provide a mechanical or self-locking bond with the masonry. The construction permits the opposite edges of the flashing to be bent down to engage the two opposite sides of the wall, for holding it in place.

The claims of this patent, on which the plaintiff relies, are as follows:

"2. As an article of manufacture, a flashing plate relatively longer than its width formed with a single longitudinally extending rib, said rib which is located midway of the width of the flashing plate being dovetail in shape in cross sections, whereby, when a layer of cement, or the like, is placed on the under side of the flashing plate, it will fill the rib portion, whereby the plate would be secured to the wall against lateral and vertical movement.

"3. As an article of manufacture, a metal flashing having a dovetail longitudinally extending rib, the opposite side edges of the flashing being bendable for engaging the inner and outer faces of a wall, when applied, whereby, when a layer of cement is placed on the upper surface of the flashing, and a block of concrete placed thereon, it will be laterally and vertically secured by said rib against displacement.

"5. A wall flashing comprising a strip of sheet metal formed with a longitudinal and centrally disposed rib, said rib being formed with a flat top portion connected to said flashing by side walls which form acute angles at their intersections with said flashing and said flat top portion.

"6. A building construction comprising superposed courses of masonry interspaced by beds of mortar, and the like, and a flashing sheet of desired width to extend substantially through said wall imbedded in the mortar of one of said courses and provided with centrally arranged longitudinally extending, raised areas, providing dove-tailed shaped recesses for the reception of mortar together against movement of the sheet vertically and laterally."

The defendants allege that the Friedrich patent is invalid in that it involves no invention. There is no contention by the defendants that the Friedrich patent, if valid, is not infringed, and. I find that, on the evidence, the defendant's flashing is like the Friedrich flashing—except that in the former, the continuity of the longitudinal rib is interrupted by transverse depressions, which is merely a colorable change and does not alter the function. Fones v. American Specialty Company (D. C.) 38 F.(2d) 639.

The defendants have cited many patents and publications, including the Cheney patent in suit, all of which have received consideration, to show the invalidity of the Friedrich patent, but on all the evidence I find that they have failed to overcome by the required fair preponderance of the evidence (Slip Scarf Company v. Wm. Filene's Sons Company, supra) the presumption of validity which attaches to the granting of a patent by the Patent Office.

" * * * Letters patent for an improvement on a patented invention cannot be declared void because they include such patented invention. Much less does it lie in the mouth of a party who is infringing both the improvement and the original invention to set up the existence of the first patent as an excuse for infringing the improvement. It is only the patentee of the original invention who has the right to complain of the use made of his invention." Cantrell v. Wallick, 117 U. S. 690, 6 S. Ct. 970, 973, 29 L. Ed. 1017.

Claims 2, 3, 5, and 6 of Patent No. 1,860,240 to Friedrich are valid and infringed by all defendants.

Statements of fact in this opinion are to be taken as findings of fact, and statements of legal conclusions as rulings of law, under the equity rules.

Decrees may be entered for the plaintiff in accordance with the prayers of the bills of complaint.